585 P.2d 1092

Samuel S. SPENCER, Plaintiff-Appellant,

v.

J. P. WHITE BUILDING, a partnership, Roy Norton and Marian Norton, his wife, Defendants-Appellees.

No. 11711.

Supreme Court of New Mexico.

Oct. 24, 1978.

Hinkle, Cox, Eaton, Coffield & Hensley, Paul M. Bohannon, Roswell, for plaintiff-appellant.

Sanders, Bruin, Baldock & Coll, Charles H. Coll, Roswell, for defendants-appellees.

## OPINION

SOSA, Justice.

Samuel Spencer (lessee) sued Roy and Marian Norton (lessor) and J. P. White Building (sublessee) in the District Court of Chaves County seeking specific performance of the first right of refusal clause contained in a lease agreement or, alternatively, to recover damages for breach of a lease agreement. Lessee appeals from summary judgment rendered in favor of the lessor and sublessee.

On October 21, 1966, a lease agreement (hereafter Spencer Lease) was entered into by lessee and lessor. The lease related to certain land which was to be used as a commercial parking lot facility for a term of ten years commencing November 15, 1966. The lease provided that lessor would receive $100 per month. On November 15, 1966, lessee executed a sublease agreement with sublessee for a ten-year period commencing that same date at the rate of $200 per month. The sublease agreement contained essentially the same terms and conditions as the Spencer Lease. Lessor was aware of this sublease agreement. The Spencer Lease included a first right of refusal clause in favor of lessee. It stated:

*Paragraph 12: First Right of Refusal*: Upon the expiration of the subject lease term, if Lessors desire the leased premises to be continued to be used for the purpose of a commercial parking lot facility, then and in that event Lessee shall have the first right of refusal to meet any bona fide offer from any person, persons, partnerships or corporations who desire to lease the premises for such use from Lessors upon such terms and conditions upon which the parties may agree.

Prior to the expiration of the Spencer Lease and the sublease agreement, sublessee approached lessor about the possibility of obtaining a new lease directly from lessor once the Spencer Lease had expired. Lessor erroneously assured sublessee that lessee had no further right in the property beyond the first ten years.

Lessor leased the land to sublessee by instrument dated March 26, 1976, at the rate of $250 per month for a period of ten years commencing on November 15, 1976. It appears that lessee approached lessor on

or about October 6, 1976, to negotiate a new lease. At this time, lessor advised lessee of lessor's March 26, 1976 lease agreement with sublessee. Lessee orally notified lessor that he would accept the terms of the March 26, 1976 lease by exercising his first right of refusal. On the next day, October 7, 1976, lessor allowed lessee to read the lease agreement between lessor and sublessee. Upon reviewing the agreement, lessee again orally advised lessor that he was accepting the terms of the agreement between lessor and sublessee by exercising his preferential right under the Spencer Lease. Lessee went home and wrote a letter, dated October 7, 1976, confirming the exercise of his first right of refusal.

On October 6, 1976, lessor contacted sublessee and informed him of lessee's exercise of his first right of refusal. Together lessor and sublessee visited an attorney who advised them that they should immediately rescind their March 26, 1976 lease agreement. They orally agreed to cancel this agreement without giving any notice to lessee. The attorney then advised lessor to immediately give lessee notice of cancellation of the Spencer Lease. Such notice was presumably mailed on October 7, 1976. This was pursuant to a clause in the Spencer Lease which provided that:

> All notices required or permitted by this lease shall be written and shall be deemed to have been properly given when delivered personally or by mail with all postage full prepaid to the parties hereto
> . . .

The Spencer Lease was subject to an addendum which provided that the lease could not be terminated for the purpose of allowing the premises to be used for a parking lot facility. It stated in pertinent part:

> Lessors, during the term hereof, shall have the right to cancel and terminate this lease upon sixty days written notice to Lessee; provided, however, that no cancellation shall be had for the purpose of allowing the premises to be used for a parking lot facility for a period of ten years from this date . . .

Subsequently, on October 11, 1976, sublessee approached lessor about the possibility of purchasing the parking lot rather than leasing it. Lessor and sublessee then agreed on an undisclosed purchase price. The conveyances and sale were effected by warranty deed on October 13, 1976. The property is still used as a parking lot facility.

Shortly thereafter, lessee instituted this suit for specific enforcement of the first right of refusal clause contained in the Spencer Lease or, in the alternative, for damages for breach of the Spencer Lease.

The decisive question in this case is whether lessee's oral exercise of his first right of refusal with written confirmation on the next day resulted in a binding lease agreement between lessor and lessee. We hold that it did.

There is no dispute that lessee exercised his preferential right. Lessee contends that the written notice requirement of the Spencer Lease was inapplicable to the first right of refusal. He argues that the first right of refusal, by its very terms, did not contemplate preliminary notice of the desire to exercise the right of refusal. Lessee urges that all that was required of him was that he evidence acceptance of the terms of a bona fide offer to the lessor, which he did by oral acceptance of the terms of the March 26, 1976 agreement. Lessor and sublessee contend that written notice was required under the Spencer Lease and that lessee did not properly exercise his first right of refusal. They argue that because they orally rescinded the March 26, 1976 agreement before written exercise of the preferential right, lessee is precluded from claiming its benefit. The Spencer Lease is silent as to how the preferential right must be exercised. It should be noted that there is no express written notice requirement within the first right of refusal paragraph. In contrast, several clauses of the Spencer Lease individually prescribe written notice.

█ This is a case of first impression in New Mexico. Neither party has cited any decision of this Court involving language identical, or even similar, to that contained

in the present lease, nor have we been able to find any such decision. Where a lease provides that the lessee shall have the "first right" or "first privilege" to re-lease the premises, a conditional rather than an absolute option is granted the lessee. Thus, a lessee under such a clause has the right to re-lease provided the lessor desires to relet the premises and does not desire to sell them or to use them himself or to make other use of the property inconsistent with a future leasing arrangement. *Buddenberg v. Welch,* 97 Ind.App. 87, 185 N.E. 865 (1933).

■ The right of lessee to exercise the option or privilege to renew will be protected regardless of whether the option is deemed conditional or unconditional. This view has been adopted where it clearly appears that the lessor does not desire to use the property for his own purpose or to sell it, yet, in spite of a first privilege clause, desires to lease the property for another term at an increased rental to someone other than the lessee. *See* 50 Am.Jur.2d *Landlord and Tenant* § 1174 (1970).

■ The existence of the March 26, 1976 agreement, executed eight months before the termination of the Spencer Lease, is clear evidence of lessor's desire to relet his property. The word "first" in the first right of refusal clause has a meaning to which we give a definite effect. As used in the Spencer Lease, it implies a priority in the lease signifying that before anyone else, lessee had the privilege of re-leasing the premises if lessor decided to re-lease them as a commercial parking lot and not to sell or to occupy them himself, so long as lessee met the offer of a prospective lessee.

The agreement between lessor and sublessee, executed on March 26, 1976, was a valid lease agreement creating a present interest in the property subject to lessee's rights under the Spencer Lease, and was in existence at the time lessee orally exercised his preferential right. This agreement was a bona fide offer to lease, the terms of which lessee accepted as binding between himself and lessor.

Both lessor and sublessee had actual notice that lessee had exercised the preferential right before they thought of cancelling the Spencer Lease and March 26, 1976 agreement. Both lessor and sublessee treated the preferential right as properly exercised by lessee's oral acceptance. Had this not been so, lessor and sublessee would not have begun cancelling the leases, for it was only after lessee orally exercised his preferential right that the cancellations were attempted. Lessee's written confirmation of his exercise of the first right of refusal under the Spencer Lease, together with the terms of the March 26, 1976 agreement, resulted in a binding agreement between lessor and lessee.

■ If lessor had acted in good faith under the contract, lessee's rights would not have been frustrated. We disagree with lessor's assertion that motives of the parties to a contract for a mutual rescission are not pertinent to their right to so act. "[W]hether expressed or not, every contract includes a covenant of good faith and fair dealing between the parties." *Flying Tiger Lines, Inc. v. United States Aircoach,* 51 Cal.2d 199, 331 P.2d 37, 41 (1958). *See also Tabet v. Sprouse-Reitz Co.,* 75 N.M. 645, 409 P.2d 497 (1966) and *Carter v. Adler,* 138 Cal.App.2d 63, 291 P.2d 111 (1955).

Lessor did not act in accordance with his obligation of good faith and fair dealing toward lessee; he sought to avoid his contractual duties to lessee. This is clearly demonstrated by lessor's conduct when he advised sublessee that they would have to cancel the March 26, 1976 agreement because lessor had made a mistake.

■■ Where the first right of refusal clause specifies no particular time within, nor manner in, which it is to be exercised, the preferential right must be exercised within a reasonable time and in a reasonable manner. The written notice requirement of the Spencer Lease is a general notice provision; it does not directly relate to the manner of exercising the first right. Absent a provision specifying the manner in which the first right of refusal must be exercised, oral exercise is sufficient. *See*

generally 1 *American Law of Property* § 3.86 (A. J. Casner ed. 1952). Other jurisdictions have recognized that an option or preferential right can be orally exercised. *Detwiler v. Capone*, 357 Pa. 495, 55 A.2d 380 (1947). We hold that in the case at hand, lessee's oral exercise of his preferential right, with written confirmation the next day, was reasonable and proper. We find that lessee timely exercised his first right of refusal within the period of the Spencer Lease and that the special circumstances of this case justify the granting of the equitable relief sought by lessee.

As a result of the oral exercise and the written confirmation of his preferential right, lessee obtained a fixed property interest which could not be defeated by the attempted cancellations of the lease agreements. Because a lease existed, the lower court erred in refusing to grant specific enforcement of lessee's exercise of his preferential right. The fact that the land was ultimately sold rather than leased is of no significance since the notion of a sale did not arise until after the first right had been exercised and a new lease created. Nonetheless, the sale of the land is valid; but, it is subject to a ten-year lease in favor of lessee at the rate of $250 per month.

Therefore, the decision of the district court granting summary judgment in favor of lessor and sublessee is reversed and the cause remanded for the entry of judgment in favor of lessee consistent with this opinion.

PAYNE and FEDERICI, JJ., concur.