11 P.3d 1236

2000-NMCA-094

**FARMERS INSURANCE COMPANY OF ARIZONA, Plaintiff–Appellee,**

v.

**Zeke C. SEDILLO, Defendant–Appellant.**

No. 20,876.

Court of Appeals of New Mexico.

Oct. 2, 2000.

Ruth Fuess, Miller, Stratvert & Torgerson, P.A. Albuquerque, NM for Appellee

Pedro G. Rael, Rael & Sanchez, Attorneys, Los Lunas, NM for Appellant

## OPINION

SUTIN, Judge.

{1} This case and the related case of *Barncastle v. American National Property and Casualty Cos.*, 2000–NMCA–095, 129 N.M. 672, 11 P.3d 1234 (2000), provide us with the opportunity to explain when uninsured motorist coverage is available under circumstances in which the use of the vehicle is somewhat attenuated from the incident. Defendant Zeke C. Sedillo appeals from the district court's grant of summary judgment dismissing his claims seeking uninsured motorist coverage for injuries he suffered after a football game. We affirm.

## FACTS AND PROCEEDINGS

{2} At about 9:30 on September 13, 1998, Sedillo was setting up grills with his friends and family for a tailgate party in the University of New Mexico stadium parking lot. An unknown driver (Driver) of a pick-up truck sped through the row of cars near Sedillo's group, particularly close to Sedillo's daughter. Sedillo and others in his party yelled at Driver to slow down. Driver responded with profanity and pulled into a parking space about 40 yards away.

{3} Sedillo followed the truck on foot. After Driver alighted from his truck, Sedillo asked him why he was driving so fast around the children. Again, Driver responded with profanity as he rummaged in the toolbox of his truck. By that time Driver's two passengers were approaching Sedillo quickly with their fists clenched in a threatening way. Turning toward the two, Sedillo punched one of them. Shortly thereafter, someone hit Sedillo from behind with a hammer. At that point, Sedillo was hit by a number of people with the hammer and bare fists until members of Sedillo's group broke it up. By the time the police arrived, Driver and truck were gone. Sedillo suffered substantial personal injuries.

{4} Farmers Insurance Company of Arizona (Farmers) provided automobile insurance to Sedillo under two policies which contained coverage for damages caused by uninsured motorists. In response to Sedillo's claims and request for arbitration under the uninsured motorist policies, Farmers filed a complaint for declaratory judgment in district court, claiming that the policies did not provide coverage for any damages resulting from the September 13, 1998, incident. After discovery as to how the incident occurred, both parties filed motions for summary judgment, and Sedillo filed a motion to dismiss the complaint. The district court granted summary judgment in favor of Farmers, ruling that the applicable policies of insurance did not provide uninsured motorist coverage under the circumstances in which Sedillo was injured.

## LAW

### Standard of Review

{5} The standard of review on appeal from summary judgment is de novo. *See Martin v. West Am. Ins. Co.*, 1999–NMCA–158, ¶ 11, 128 N.M. 446, 993 P.2d 763. Where no material facts are in dispute (the deposition of Sedillo comprises the entire evidence before the court), we are in as good a position as the district court to resolve questions of law. *See id.*

### Insurance Policy Coverage

{6} We agree with the parties that the controlling authority here is *Britt v.*

Phoenix Indemnity Insurance Co., *120 N.M. 813, 907 P.2d 994 (1995).* *There, two motor vehicles were involved in a minor traffic accident.* See id. *at 814, 907 P.2d at 995.* *A passenger from one vehicle got out and stabbed Britt, who was the passenger in the other vehicle.* See id. *Britt was unable to learn the identity of either the driver of the other vehicle or of the assailant.* See id.

{7} The *Britt* court determined that intentional torts may be covered by uninsured motorist insurance under proper circumstances. *See id.* at 818, 907 P.2d at 999. Using a three-part test, the trier of fact "first considers whether there is a sufficient causal nexus between the use of the uninsured vehicle and the resulting harm." *Id.* The causal nexus requires the vehicle to be an " 'active accessory' in causing the injury." *Id.* (quoting *Continental W. Ins. Co. v. Klug,* 415 N.W.2d 876, 878 (Minn.1987)).

{8} Second, if the trier of fact concludes there is a sufficient causal nexus, then it next considers "whether an act of independent significance broke the causal link between the use of the vehicle and the harm suffered." *Britt,* 120 N.M. at 819, 907 P.2d at 1000. Finally, the trier of fact must "consider whether the 'use' to which the vehicle was put was a normal use of that vehicle." *Id.*

## DISCUSSION

{9} Using the test enunciated in *Britt* and elucidated in *State Farm Mutual Automobile Insurance Co. v. Blystra,* 86 F.3d 1007 (10th Cir.1996), the uninsured motorist policies do not cover this assault. The truck was not an "active accessory" in the assault. Sedillo's claim therefore fails due to lack of sufficient causal nexus.

{10} Furthermore, although Driver's use of the truck precipitated Sedillo's reaction, an "act of independent significance" interrupted any causation of the assault. Sedillo walked over to Driver after he had parked his truck, continued criticizing Driver's driving in the parking lot, and threw the first punch. As stated in *Blystra,* the *Britt* court "merely recognized that, given the right facts, the causal chain might not be broken even though the assailant commits his assault after exiting the stopped vehicle." *Blystra,* 86 F.3d at 1014. The facts here do not permit a reasonable inference of an unbroken causal chain to be drawn.

## CONCLUSION

{11} We affirm the district court's grant of summary judgment in favor of Farmers.

{12} **IT IS SO ORDERED.**

PICKARD, C.J., and WECHSLER, J., concur.