This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**


**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **NO. 29,581**

**DIANNE GAMMON,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant Diane Gammon appeals the district court's dismissal of her appeal

from the magistrate court's denial of her motion to withdraw her no contest plea. This Court filed a calendar notice proposing to affirm the district court and Defendant filed a memorandum in opposition. Defendant argues that the district court erred in finding that she was not an "aggrieved party" in these circumstances, where she entered her plea without the advice of counsel and without understanding the effect of entering the plea. After due consideration, we affirm the district court. "The meaning of language used in a statute is a question of law that we review de novo." *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61. New Mexico statutes provide: "[T]he defendant aggrieved by any judgment rendered or final order issued by the magistrate court in any criminal action[] may appeal to the district court within fifteen days after judgment is rendered or the final order is issued in the magistrate court." NMSA 1978, § 35-13-1 (1975). "A party who is not 'aggrieved' by a final judgment or decision of a magistrate court has no right to appeal to district court." *State v. Gallegos*, 2007-NMCA-112, ¶ 9, 142 N.M. 447, 166 P.3d 1101. "A defendant who enters a voluntary and knowing plea of guilty or no contest in an inferior court is not an aggrieved party for the purpose of appeal to district court." *Id.*

To determine if Defendant was an aggrieved party with the right of appeal, the district court first had to determine if the no contest plea was "voluntary and

knowing." *See id.* ¶ 18 (recognizing that "the case before us [was] unique because the district court [had] the obligation to determine the validity of the plea in order to determine its jurisdiction over the appeal"). Acknowledging that magistrate courts are not courts of record, the district court relied on the paper record and arguments of counsel in concluding that the plea was entered knowingly, voluntarily, and intelligently. [RP 82] The district court also noted that Defendant signed a form reciting that there was a factual basis for the plea, and Defendant did not allege that the plea proceeding had otherwise been procedurally defective. [Id., RP 36-38] The district court found "no indications in the magistrate court file that the Magistrate did not substantially comply with the legal requirements to ascertain that . . . Defendant's plea on August 13, 2008 was knowingly, voluntarily and intelligently entered." [RP 83] Accordingly, the district court concluded that Defendant was not an aggrieved party entitled to appeal. The district court adequately explored the propriety of Defendant's plea and correctly concluded that it did not have jurisdiction to hear the appeal.

Next, Defendant argues that the district court erred in refusing to allow her to testify as to her understanding of a no contest plea. "The admission or exclusion of evidence is a matter within the sound discretion of the trial court." *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 440, 872 P.2d 852, 858 (1994), *limited on*

*other grounds*, *Kropinak v. ARA Health Servs., Inc.*, 2001-NMCA-081, 131 N.M. 128, 33 P.3d 679.

Our review of the tape log does not indicate that the district court "refused" to allow Defendant to testify. As summarized in the tape log, the following exchange occurred:

> 2:39:22 PM [Defense counsel]: I still argue that there needs to be a determination she didn't understand and ask withdraw[a]l of guilty plea

> 2:40:48 PM [District judge]: She didn't understand even though she says she does on paper

> 2:41:02 PM [Defense counsel]: You can ask her on the stand if you like

> 2:41:12 PM [District Judge]: The State could also get the magistrate judge on the stand and I don't think we should go there

[RP 73] The judge's rejection of defense counsel's suggestion that the judge "can ask her on the stand if you like" does not strike us as a refusal to allow Defendant's testimony. Because the judge knew the essence of Defendant's assertion that she had not understood the plea and because the judge had documents before her indicating that Defendant had understood it, it was not an abuse of discretion for the judge to decline counsel's invitation to hear Defendant's testimony. [RP 27, 36-41, 83] We affirm the district court on this issue.

Finally, Defendant argues that the district court abused its discretion by not allowing her to withdraw her plea in the absence of prejudice to the State. "A motion

4

to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion only for abuse of discretion." *State v. Jonathan B.*, 1998-NMSC-003, ¶ 7, 124 N.M. 620, 954 P.2d 52 (filed 1997) (internal quotation marks and citation omitted). "A trial court abuses its discretion when it denies a motion to withdraw a plea that was not knowing or voluntary." *State v. Hunter*, 2006-NMSC-043, ¶ 12, 140 N.M. 406, 143 P.3d 168. "While possible prejudice to the prosecution is also a factor to be considered, absence of prejudice to the prosecution, by itself, is insufficient to mandate permission for presentence withdrawal of a plea of guilty." *State v. Clark*, 108 N.M. 288, 292, 772 P.2d 322, 326 (1989), *overruled on other grounds by State v. Henderson*, 109 N.M. 655, 789 P.2d 603 (1990)

As discussed above, the district court had before it documents, signed by Defendant, indicating that the magistrate had established Defendant's understanding of, among other things, the charges, the possible sentences, that a no contest plea has the same effect as a guilty plea, that there was a factual basis for the plea, and that there would be no trial. [RP 36-37, 41] Defendant signed individual forms waiving trial by jury and her right to counsel. [RP 39-40] We discern little likely prejudice to the State if Defendant were allowed to withdraw her plea, but given the documentary evidence that Defendant had understood the no contest plea, the absence

of any apparent procedural defects, and the absence of any circumstances suggesting threats or coercion of any type, we conclude that the district court did not abuse its discretion in denying Defendant the right to withdraw her plea.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**