2003-NMCA-027

62 P.3d 770

**Lawrence F. BARRERAS and Paul Haberling, Plaintiffs–Appellants,**

v.

**STATE OF NEW MEXICO CORRECTIONS DEPARTMENT, et al., Defendants–Appellees.**

No. 22,199.

Court of Appeals of New Mexico.

Dec. 9, 2002.

Certiorari Denied, No. 27,855, Jan. 23, 2003.

E. Justin Pennington, Law Offices of E. Justin Pennington, Albuquerque, NM, for Appellants.

Timothy S. Hale, Myra F. Moldenhauer, Riley, Shane & Hale, P.A., Albuquerque, NM, for Appellees.

## OPINION

BOSSON, Chief Judge.

{1} The opinion filed on September 5, 2002, in this case is withdrawn and the following substituted therefor.

{2} In this appeal we decide whether a state employee, discharged from employment in violation of the State Personnel Act, may elect to bypass an administrative appeal to the State Personnel Board (SPB), and instead file a lawsuit directly in district court on a theory of breach of implied contract of employment based on that same Personnel Act. We hold that when an employee's contractual claim arises from the State Personnel Act, as well as attendant rules, regulations, and agency personnel policies, the employee's remedies are limited to those set forth in the State Personnel Act. We affirm the district court's dismissal for failure to pursue the remedies set forth in the State Personnel Act. We also affirm the district court's decision to dismiss claims of retaliatory discharge and claims arising under the state constitution.

## BACKGROUND

{3} Plaintiffs Lawrence F. Barreras and Paul Haberling were discharged from their employment with the New Mexico Corrections Department (NMCD) in March 1997. Proceeding under the State Personnel Act, they filed appeals with the SPB. *See* NMSA 1978, §§ 10–9–1 to –25 (1961, as amended through 1999). Months later, after discovery had been completed and just three days before the SPB hearing was scheduled to begin, Plaintiffs filed a motion to stay the hearing or to withdraw their appeal without prejudice, so that they could proceed directly to district court. By filing a lawsuit in district court, Plaintiffs hoped to avoid potential limitations on the relief available from the SPB, and they looked as well to avoid the preclusive effect of a potential SPB ruling against them. Plaintiffs also alleged that the SPB was politically biased against them. The SPB denied Plaintiffs' motion, electing instead to dismiss the appeal with prejudice. Plaintiffs did not seek judicial review of that dismissal.

{4} After dismissal of their SPB appeal, Plaintiffs filed this complaint in district court for breach of contract, retaliatory discharge, and violation of civil rights arising under the New Mexico Constitution. Before trial, the court granted Defendants' motion for summary judgment, concluding that Plaintiffs' claims were barred as a matter of law.

## DISCUSSION

### Standard of Review

{5} All issues raised by Plaintiffs on appeal present questions of law arising out of undisputed facts that are set forth in Defendants' motion for summary judgment. As a result, we apply a de novo standard of review. *Kropinak v. ARA Health Servs., Inc.*, 2001–NMCA–081, ¶ 4, 131 N.M. 128, 33 P.3d 679.

### Breach of Implied Contract of Employment

{6} Plaintiffs claim a breach of an implied contract of employment with NMCD, and base the substance of that claim on rights afforded state employees in the State Personnel Act, its related rules and regulations, and concomitant personnel policies of NMCD including an employee handbook. We agree with Plaintiffs that an implied contract of employment with a government employer may arise from writings that are sufficiently concrete in their representations, such as an employee handbook or a personnel policy. *See Garcia v. Middle Rio Grande Conservancy Dist.*, 1996–NMSC–029, ¶¶ 14–20, 121 N.M. 728, 918 P.2d 7 (holding that a government employer's written personnel policy created an implied-in-fact contract sufficient to waive statutory immunity from lawsuit). More to the point, this Court has previously noted that SPB rules, when considered together with a state agency employee handbook, have "attributes of an employee contract," because they control the employer-employee relationship and give rise to reasonable employee expectations. *N.M. Regulation & Licensing Dep't v. Lujan*, 1999–NMCA–059, ¶ 20, 127 N.M. 233, 979 P.2d 744.

{7} Thus, the question is not whether the State Personnel Act and attendant rules, regulations, and policies create enforceable rights in state employees; they clearly do. Rather, the central question of this appeal is whether an aggrieved employee who wishes to enforce those rights may proceed directly to district court on a theory of implied contract based on those same statutory and

administrative rights, and bypass the administrative procedure and remedies set forth in that same statute.

{8} In their complaint, Plaintiffs allege that the "Personnel Act and rules and regulations promulgated pursuant thereto constituted a contract of employment between Plaintiffs and Defendant NMCD enforceable by this Court." Plaintiffs then allege that NMCD breached its employment contract by violating that same Personnel Act: (a) "By terminating Plaintiffs without good or just cause as defined by the Personnel Act;" and (b) "By discharging Plaintiffs for illegal reasons based on political affiliation or opinion, and in retribution for engaging in activities protected by the contract and law." Plaintiff's lawsuit for breach of contract necessarily involves the State Personnel Act and attendant rules, regulations and personnel policies, and the essence for those claims can be adjudicated in proceedings before the SPB. *See Zamora v. Vill. of Ruidoso Downs,* 120 N.M. 778, 782, 907 P.2d 182, 186 (1995) ("Although the proceedings before the Board may not have been termed an action for breach of implied employment contract, those proceedings necessarily involved the question of whether the Ordinance—the basis for Zamora's alleged implied employment contract—was indeed violated.").

{9} The exclusivity of any statutory administrative remedy turns on legislative intent. *See Chavez v. City of Albuquerque,* 1998–NMCA–004, ¶ 16, 124 N.M. 479, 952 P.2d 474. Therefore, we must decide whether Plaintiffs' desire to file this lawsuit and bypass administrative remedies set forth in the State Personnel Act conflicts with the legislative intent implicit in that Act. As we have stated in prior opinions, the State Personnel Act "has for its basic purpose the furtherance of economy and efficiency in state government." *Montoya v. Dep't of Fin. & Admin.,* 98 N.M. 408, 413, 649 P.2d 476, 481 (Ct.App.1982). To achieve this purpose, "provisions providing for the right of an administrative hearing and judicial review should not be narrowly interpreted so as to restrict such review." *Id.*

{10} In our view, Plaintiffs' attempt to bypass administrative procedures of the State Personnel Act does not advance either economy or efficiency in state government. We doubt that the legislature, having created the SPB to adjudicate employer-employee disputes under the Act, intended dual tracks for aggrieved employees, one administrative and the other by direct action in court, or thought dual remedies would "provide greater economy and efficiency in the management of state affairs." Section 10–9–2. We have previously characterized the power "to hear appeals by state employees aggrieved by an agency's action affecting their employment" as among the "primary duties of the [SPB]." *Martinez v. N.M. State Eng'r Office,* 2000–NMCA–074, ¶ 22, 129 N.M. 413, 9 P.3d 657.

{11} We acknowledge that the State Personnel Act contains no express language that its administrative remedies either are, or are not, exclusive. Accordingly, we must assess several factors in determining whether the Act's administrative remedies prevail over a direct civil action for damages. Those factors include the comprehensiveness of the administrative scheme, the availability of judicial review, and the completeness of the administrative remedies afforded. *See Gandy v. Wal–Mart Stores, Inc.,* 117 N.M. 441, 443, 872 P.2d 859, 861 (1994); *Chavez,* 1998–NMCA–004, ¶¶ 14–18, 124 N.M. 479, 952 P.2d 474.

{12} Applying these factors, we agree with NMCD that the SPB administrative scheme is comprehensive. Among its numerous provisions, the State Personnel Act establishes the SPB and provides it with both policy-making and quasi-judicial authority. *See* § 10–9–10; *Martinez,* 2000–NMCA–074, ¶ 22, 129 N.M. 413, 9 P.3d 657; *Montoya,* 98 N.M. at 413, 649 P.2d at 481. The SPB is expressly empowered to hear appeals from adverse employment actions, such as Plaintiffs' terminations in this case, which are available to all state employees with very limited exceptions. *See* §§ 10–9–10(B), –4, –4.1, –5, –15. The process of appeal to the SPB is statutorily defined. *See* § 10–9–18. The State Personnel Act provides for on-the-record hearings, over which hearing officers preside, take evidence, and submit summaries and recommendations to the SPB. *See*

§ 10–9–18(D), (E). The State Personnel Act further specifies that review of any adverse employment action appealed to the SPB shall turn on the question of "just cause," which is precisely what Plaintiffs allege in this lawsuit—that NMCD terminated them without "just cause." *See* § 10–9–18(F). The State Personnel Act also provides that the ultimate rulings of the SPB shall include findings of fact and conclusions of law, and it describes the remedies available to an aggrieved employee. *See* § 10–9–18(E), (F).

{13} In our view, the comprehensiveness and specificity of the Act go a long way toward demonstrating that the legislature intended its scheme to be exclusive, at least when the employee seeks to vindicate those same rights by another avenue. We also find it significant that the State Personnel Act makes express provision for judicial review of SPB decisions. *See* § 10–9–18(G); *cf. Chavez*, 1998–NMCA–004, ¶ 18, 124 N.M. 479, 952 P.2d 474 (holding that administrative remedies are not exclusive based, in part, on the absence of judicial review in the statute). The Act limits the role of the district court to appellate jurisdiction, as opposed to a fact-finding court of general jurisdiction that would ordinarily apply to breach-of-contract civil actions. *See* § 10–9–18(G); NMSA 1978, § 39–3–1.1 (1999).

{14} We also compare the remedies made available to aggrieved employees under the State Personnel Act with the remedies otherwise available at common law for breach of contract. In court, a successful claimant for breach of employment contract may win compensatory damages. *See Bd. of Educ. v. Jennings*, 102 N.M. 762, 765, 701 P.2d 361, 364 (1985). By contrast, the State Personnel Act authorizes an aggrieved employee to seek modification of an adverse employment action, including reinstatement and back pay, but it does not expressly provide for general compensatory damages. *See* § 10–9–18(F).

{15} Although these remedies differ in certain respects, we do not view the differences as significant. From an economic perspective, the relief afforded in the State Personnel Act mirrors the core of what is ordinarily available as compensatory damages in a breach-of-employment-contract law-

suit. *See id.* (authorizing the SPB to order reinstatement and award back pay). The State Personnel Act does not place a cap on monetary damage awards. *Cf. Michaels v. Anglo Am. Auto Auctions, Inc.,* 117 N.M. 91, 93, 869 P.2d 279, 281 (1994) (comparing severe limitations on relief available under workers' compensation statutes with relief possible from the tort of retaliatory discharge and holding that the former did not preclude a separate lawsuit in tort). Punitive damages are not authorized in the State Personnel Act, but in any event they would *not be available in a breach-of-contract action against a state agency. See Torrance County Mental Health Program, Inc. v. N.M. Health & Env't Dep't,* 113 N.M. 593, 596, 830 P.2d 145, 148 (1992) (holding punitive damages not available in breach-of-contract lawsuit against state agency).

{16} To the extent that remedies under the State Personnel Act may, in some instances, be less than what an aggrieved employee might recover in court, such restrictions reflect a legislative effort to balance the economic security needs of public employees with prudential considerations for protecting the public treasury. We would seriously skew that balance if we were to infer that the legislature intended employees to pursue an alternative, and more expensive, avenue for breach of contract to enforce those same rights.

{17} Plaintiffs lean heavily on *Gandy,* 117 N.M. 441, 872 P.2d 859, to argue that the administrative remedies and procedures afforded in the State Personnel Act are not exclusive. Plaintiffs note that the statutory appeal to the SPB is phrased in permissive, not mandatory language. *See* § 10–9–18(A) ("An employee who is dismissed, demoted or suspended may ... appeal to the board."). Plaintiffs use that statutory distinction to argue against any requirement that they proceed before the SPB in lieu of a direct action in district court.

{18} We see significant differences between the case before us and *Gandy.* In that case, the employer argued that the Human Rights Act, which prohibited an employer from engaging in reprisals, preempted an

employee's tort claim for retaliatory discharge. Understandably, our Supreme Court expressed great reluctance "to infer a legislative intent to preempt tort claims unless such intent is clearly demonstrated by the comprehensiveness of the administrative scheme and the completeness of the remedy it affords." *Gandy*, 117 N.M. at 443, 872 P.2d at 861.

{19} Torts are different. Unless preempted by statute, common law courts typically decide, as a matter of judicial policy, the circumstances under which one owes a duty of care to another, the contours of that duty, and what constitutes its breach. *See Torres v. State*, 119 N.M. 609, 612, 894 P.2d 386, 389 (1995) ("Policy determines duty."). We have previously said as much in a context similar to the case at bar. *See Phifer v. Herbert*, 115 N.M. 135, 138, 848 P.2d 5, 8 (Ct.App.1993) ("[T]he requirement that administrative remedies for employment discrimination claims recognized by statute be exhausted does not prevent an employee from filing a complaint based on a common law tort without first resorting to such administrative remedies.").

{20} In the case before us, however, Plaintiffs' claims arise in contract, not in tort, based on the rights accorded Plaintiffs in the State Personnel Act and attendant rules, regulations, and personnel policies. Plaintiffs' contract claims are centered in the State Personnel Act and seek to vindicate essentially the same rights created in, and arising from, the State Personnel Act and attendant rules, regulations, and personnel policies.

{21} No case cited to us by Plaintiffs, including *Gandy*, allows a separate lawsuit in contract, bypassing administrative remedies, under similar circumstances. If this were an independent lawsuit in tort, instead of a mirror reflection of the State Personnel Act, we would rely heavily on *Gandy* in considering whether the Act allowed it. However, when Plaintiffs base their claim for relief on rights granted by the legislature, we hold that the State Personnel Act provides the exclusive remedy for Plaintiffs' breach-of-contract claims based on that same Act. Thus, Plaintiffs were required to proceed administratively before the SPB. Having declined to appeal their dismissal from the SPB, Plaintiffs are barred from obtaining further relief from the courts. *See McDowell v. Napolitano*, 119 N.M. 696, 700, 895 P.2d 218, 222 (1995); *Gandy*, 117 N.M. at 444, 872 P.2d at 862; *State ex rel. Norvell v. Ariz. Pub. Serv. Co.*, 85 N.M. 165, 170, 510 P.2d 98, 103 (1973).

*Retaliatory Discharge*

■ {22} Plaintiffs also challenge the dismissal of their claims for retaliatory discharge. However, the district court's ruling is well supported. In the recent case of *Silva v. Am. Fed'n of State, County & Mun. Employees*, 2001–NMSC–038, ¶ 1, 131 N.M. 364, 37 P.3d 81, our Supreme Court clarified that a claim for retaliatory discharge is only available to at-will employees. Retaliatory discharge was created as an exception to the doctrine of at-will employment to prevent terminations in violation of clear public policy. *Id.* ¶ 11; *Vigil v. Arzola*, 102 N.M. 682, 688, 699 P.2d 613, 619 (Ct.App.1983), *rev'd in part on other grounds*, 101 N.M. 687, 687 P.2d 1038 (1984), *and overruled on other grounds by Chavez v. Manville Prods. Corp.*, 108 N.M. 643, 650, 777 P.2d 371, 378 (1989). When an employee is already protected from wrongful discharge by a contract, such as the requirement of just cause before termination, any claim of retaliatory discharge is "unnecessary and inapplicable,' " because essentially it would duplicate rights already adhering to the employee under contract. *Silva*, 2001–NMSC–038, ¶¶ 12–13, 131 N.M. 364, 37 P.3d 81 (quoting *Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp.*, 106 N.M. 19, 21, 738 P.2d 513, 515 (1987)).

■ {23} Because Plaintiffs were clearly and explicitly protected from termination without just cause, they cannot be classified as at-will employees. *See* § 10–9–18(F) (indicating that adverse employment actions undertaken without just cause are to be reversed and remedied); *see also* 1.7.11.10 NMAC (2002) (specifying that employees covered by the State Personnel Act may only be terminated for just cause). Therefore, applying *Silva*, we hold that retaliatory discharge was not available to Plaintiffs as a cause of action against NMCD.

*Violations of Constitutionally Protected Rights*

{24} Finally, Plaintiffs challenge the dismissal of their claims for violation of civil rights arising under the Constitution of the State of New Mexico. In the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims Act. *See Chavez,* 1998–NMCA–004, ¶ 11, 124 N.M. 479, 952 P.2d 474; *Ford v. N.M. Dep't of Pub. Safety,* 119 N.M. 405, 412, 891 P.2d 546, 553 (Ct.App.1994); *Begay v. State,* 104 N.M. 483, 488, 723 P.2d 252, 257 (Ct.App.1985), *rev'd sub nom. on other grounds by Smialek v. Begay,* 104 N.M. 375, 721 P.2d 1306 (1986). The district court's dismissal of Plaintiffs' claims finds ample support. Although Plaintiffs urge this Court to reverse our prior rulings and recognize a private cause of action to vindicate their rights, we are not inclined to do so in the context of this particular appeal.

**CONCLUSION**

{25} We affirm the judgment of the district court.

{26} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and CYNTHIA A. FRY, Judges.