2005-NMCA-011

104 P.3d 1122

Connie CALLAHAN, Sally Fish, and Anne Waters, Plaintiffs–Appellants,

v.

NEW MEXICO FEDERATION OF TEACHERS–TVI, ALBUQUERQUE TVI FACULTY FEDERATION LOCAL NO. 4974 AFT, NMFT, and American Federation of Teachers, Defendants–Appellees.

No. 23,645.

Court of Appeals of New Mexico.

Jan. 6, 2005.

Certiorari Granted, No. 28,983, Jan. 10, 2005.

{2} Plaintiffs appeal from a district court order dismissing their claims against Defendants New Mexico Federation of Teachers–TVI, Albuquerque TVI Faculty Federation Local No. 4974 AFT, NMFT (Local), and American Federation of Teachers–TVI (AFT) with prejudice pursuant to Rule 1–012(B)(6) NMRA. Plaintiffs' former employer was not named in the complaint, so that all causes of action were brought against the unions only. Plaintiffs argue that the district court erred in granting Defendants' motion to dismiss their action for: (1) breach of a collective bargaining agreement by third-party beneficiaries; (2) breach of duty of fair representation; (3) third-party beneficiary breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) breach of fiduciary duty; (6) negligence and gross negligence claims; and (7) holding that union members are required to exhaust administrative remedies under the New Mexico Public Employee Bargaining Act, NMSA 1978, §§ 10–7D–1 to –26 (1992) (repealed in 1999) (PEBA).[1] We consider the question of whether union members have a cause of action against their union for misfeasance or malfeasance when the union represents the members' interests against an employer. We conclude that the union members may maintain such an action. Based on the following, we reverse the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

{3} The facts of this case are not in dispute. "[I]f a district court grants a motion to dismiss pursuant to Rule 12(b)(6), then the allegations pleaded in the complaint must be taken as true for purposes of an appeal." *Envtl. Improvement Div. of N.M. Health & Env't Dep't v. Aguayo,* 99 N.M. 497, 499, 660 P.2d 587, 589 (1983). We thus assume the truth of the following well-pleaded allegations when assessing whether they are sufficient to state a cause of action.

{4} Plaintiffs were union employees of the Albuquerque Technical Vocational Institute

Steven K. Sanders, Steven K. Sanders & Associates, L.L.C., Albuquerque, NM, for Appellants.

K. Lee Peifer, Justin Lesky, The Law Offices of K. Lee Peifer, Albuquerque, NM, for Appellees.

## OPINION

KENNEDY, Judge.

{1} The formal opinion filed on November 19, 2004, is withdrawn. This opinion is filed in its stead.

---

1. The complaint for damages was based on NMSA 1978, § 10–7D–1 to –26 (1992), which was repealed in 1999 and replaced with the current statute, NMSA 1978, § 10–7E–1 to –26 (2003). The events of this action occurred during the time the original PEBA was in effect and we will use that version of the PEBA to decide this case.

(TVI) when they were summarily terminated from their positions without notice or explanation. Defendants were labor unions which had a collective bargaining agreement with TVI. Defendants represented Plaintiffs in their grievance action regarding the termination of their employment. As provided by TVI's collective bargaining agreement and the PEBA statute, Defendants were the sole representatives for Plaintiffs in employment-related arbitration matters. Plaintiffs attempted to utilize the contractual provisions of the collective bargaining agreement for settling disputes.

{5} Despite actual knowledge of their legitimate defense to the termination and actual knowledge that the penalty of termination was in violation of TVI rules, regulations, and the collective bargaining agreement, Defendants only instituted a perfunctory defense, and did not consult with Plaintiffs before dismissing their grievances and refusing an arbitration hearing, and did not ever ascertain why TVI terminated Plaintiffs. Further, Defendants turned on Plaintiffs, supporting TVI in a pending federal lawsuit in order to gain an advantage with TVI for themselves. Defendants' actions kept Plaintiffs from being able to "take appropriate steps to defend themselves." Further, Defendants' actions violated the collective bargaining agreement, breaching the covenant of good faith and fair dealing, and were negligent and grossly negligent.

{6} Defendants contend that while the PEBA and TVI's policies granted them the status of exclusive representative for collective bargaining purposes, these policies did not allow Defendants to wield that power in the grievance process. They claim that under Section 10–7D–15, Plaintiffs had the option of acting individually in "present[ing] a grievance without the intervention of the exclusive representative." Further, Defendants argue that Plaintiffs' case is foreclosed because they failed to exhaust their administrative remedies under PEBA when Plaintiffs went to court rather than bring their grievances against Defendants to the TVI Labor Relations Board or the Public Employee Labor Relations Board (PELRB). Defendants argue that the lack of an exclusive duty to represent Plaintiffs, and Plaintiffs' failure to seek redress under the collective bargaining agreement, means that Plaintiffs cannot later pursue an action in district court for the claims alleged in their complaint.

{7} With regard to the breach of contract claim, the district court determined that Plaintiffs claimed that they are third-party beneficiaries to the collective bargaining agreement between Defendants and TVI and therefore must stand in the place of TVI and allege a promise made by Defendants in the collective bargaining agreement to TVI that Defendants later breached. The district court decided that Plaintiffs alleged no such promise that Defendants could have breached. Because no breach of contract claim could be maintained, the district court decided that Plaintiffs claims for breach of the implied covenant of good faith and fair dealing could not be maintained either.

{8} The claim for breach of fiduciary duty was dismissed because the claim could not "lie under the facts asserted by Plaintiff[s]." The claims for negligence and breach of duty of fair representation were dismissed because the district court found that Defendants had broad discretion concerning their bargaining unit members and were not subject to a common law negligence standard. Further, it found that while Defendants "did owe a duty to Plaintiffs to fairly represent them in their grievances," PEBA was in effect and possessed an administrative enforcement scheme which must be exhausted.

{9} Plaintiffs timely appealed the district court's order dismissing its complaint.

## DISCUSSION

### Standard of Review

{10} The dismissal of Plaintiffs' complaint was for failure to state a cause of action, and therefore, the district court did not consider any matters outside the pleadings. A motion to dismiss under Rule 1–012(B)(6) is properly granted only when it appears that a plaintiff

cannot recover or be entitled to relief under any state of facts provable under the claim. *Kirkpatrick v. Introspect Healthcare Corp.*, 114 N.M. 706, 709, 845 P.2d 800, 803 (1992) ("A motion to dismiss should be granted only when it appears that the plaintiff is not entitled to recover under any facts provable under the complaint."); *Jones v. Int'l Union of Operating Eng'rs*, 72 N.M. 322, 325, 383 P.2d 571, 573 (1963). We treat all of the complaint's well-pleaded allegations as true but disregard conclusions of law and unwarranted factual deductions. *See Saenz v. Morris*, 106 N.M. 530, 531, 746 P.2d 159, 160 (Ct.App. 1987). We apply a de novo standard of review to determine whether the law was correctly applied to the facts. *See Kropinak v. ARA Health Servs., Inc.*, 2001–NMCA–081, ¶ 4, 131 N.M. 128, 33 P.3d 679.

### Exclusive Representation Clause is Irrelevant to Defendants' Claim

■ {11} Although TVI's policy provides for exclusive representatives to act for and represent all employees in the appropriate bargaining unit and negotiate collective bargaining agreements, the policy also permits an employee, acting individually, to present a grievance without the intervention of the exclusive representative. Defendants seek to rely on Plaintiffs ability to represent themselves as a way around liability for acts they undertook. Just because Defendants had no initial duty to act on Plaintiffs' behalf does not preclude the formation of a special relationship with Plaintiffs that gives rise to a special duty to Plaintiffs when Defendants did choose to represent employees.

{12} Despite Defendants' arguments, this grievance procedure under TVI policy Section 12(E) is "to be used for the settlement of disputes pertaining to employment terms and conditions and related personnel matters." This procedure does not apply in a case such as this one where employees are suing their unions for claimed breach of duty of fair representation, breach of covenant of good faith and fair dealing, breach of fiduciary duties, and the other claims relating to Defendants' treatment of Plaintiffs' grievances against TVI. As stated above, Plaintiffs' cause of action arises precisely because Defendants undertook their representation in the grievance against TVI and then acted inimically to their interests. The issue is not whether Plaintiffs could have chosen another course; it is that Defendants allegedly injured Plaintiffs by representing them in the course taken on their behalf.

{13} Therefore, once Defendants started representing Plaintiffs in the grievance procedure, they had a duty to fairly represent Plaintiffs, and neither the TVI policy nor PEBA contemplates employees taking individual action against their representative union in the midst of the grievance procedure that is already set in motion. This is particularly true when claims have already been "settled" with the employer, by Defendants giving up what Plaintiffs wanted: reinstatement.

{14} Section 10–7D–15(B) does permit public employees such as Plaintiffs, acting individually, to present a grievance without the intervention of the exclusive representative. However, in this case, Plaintiffs chose to be represented by Defendants, and as such, Defendants owed Plaintiffs a duty to fairly and adequately represent their interests. We do not have case law on point for this issue. In this case, Plaintiffs contend that they relied on Defendants to fairly represent them, and that by the time Defendants "settled" their claims with TVI, it was too late to go after Defendants since the policies and settlement disallowed reinstatement of Plaintiffs. Additionally, if all the allegations in the complaint are taken as true, we have to conclude that Defendants undertook to be the exclusive representatives for arbitration of Plaintiffs' grievances. Thus, Defendants had the duty to represent Plaintiffs fairly and adequately.

### Exhaustion of Administrative Remedies

■ {15} Defendants assert that Plaintiffs did not exhaust their administrative remedies. There is an administrative scheme in place which handles certain types of com-

plaints. One of the provisions of PEBA creates the PELRB, which administers PEBA. *See* Section 10–7D–8.[2] The PELRB, or in this case, TVI's Governing Board, is responsible for hearing and determining "complaints of prohibited practices" included in the Act. Section 10–7D–9(A)(3). Defendants argue that Plaintiffs should have filed such a prohibited practices complaint with TVI's Labor Relations Board or the PELRB after Defendants abandoned representation of Plaintiffs in April 1999.

■ {16} Generally, unless the available legal or statutory administrative remedies are inadequate, a plaintiff must exhaust all administrative remedies before filing a claim in court for relief. *See Sonntag v. Shaw,* 2001–NMSC–015, ¶ 13, 130 N.M. 238, 22 P.3d 1188; *Franco v. Carlsbad Mun. Schs.,* 2001–NMCA–042, ¶ 20, 130 N.M. 543, 28 P.3d 531. The exhaustion doctrine is closely related to the finality doctrine because if the plaintiff "has not yet exhausted an available administrative remedy, the agency's action is not yet final." Richard J. Pierce, Jr., Administrative Law Treatise § 15.1 at 966 (4th ed.2002) (hereinafter Pierce). One justification for the exhaustion requirement is that "the legislature creates an agency for the purpose of applying a statutory scheme to particular factual situations." Pierce, *supra* § 15.2 at 970. Yet, we do not require a plaintiff "to exhaust an administrative remedy when that would be an exercise in futility." *Id.* at 977.

{17} Plaintiffs focus their argument on the contention that neither the PEBA nor the TVI labor policies state that unfair representation claims are at any point required to be determined by the TVI Labor Relations Board. Plaintiffs argue that the dismissal of their grievance prevented them from exhausting their contractual remedies. They further contend that they have exhausted all internal remedies provided for by the collective bargaining agreement. They argue that

any further exhaustion of remedies with respect to their termination has been waived by Defendants, or would be futile, because after Defendants dismissed and "settled" their grievances at the arbitration level, Plaintiffs could no longer demand an arbitration of their terminations. Plaintiffs maintain that Defendants are not being sued for failing to comply with any provision of the collective bargaining agreement because that agreement does not provide provisions detailing the rights of Plaintiffs alleging a cause of action against Defendants. Rather, Plaintiffs contend that Defendants "are being sued for failing to protect [Plaintiffs'] rights by not pursuing a meritorious grievance when [Defendants were] the only entity that could file a demand for arbitration of [Plaintiffs'] dismissal[s]."

{18} Section 10–7D–15(B) does allow Plaintiffs to present a grievance without the intervention of the exclusive representative; in this case, Defendants. However, neither this statute nor any other actually requires Plaintiffs to act individually. TVI is not expressly empowered to determine claims of breach of the duty of fair representation between union members, like Plaintiffs, and unions like Defendants. Plaintiffs thus believe that their claims should survive because there is no comprehensive administrative scheme that deals with such disputes, and Plaintiffs' claims are based on New Mexico common law tort and contract principles, plus the duty of fair representation that is based upon the law set out in *Jones,* 72 N.M. at 330, 383 P.2d at 576.

{19} In developing this argument with regard to exhaustion of administrative remedies, both sides rely on *Barreras v. State of New Mexico Corrections Department,* 2003–NMCA–027, 133 N.M. 313, 62 P.3d 770. In *Barreras,* we held "that when an employee's contractual claim arises from the State Personnel Act, as well as attendant rules, regula-

---

2. Under Section 10–7D–10, the Albuquerque TVI Community College Governing Board assumed the powers and the duties of the PELRB, which include promulgating rules and regulations, Section 10–7D–9(A), overseeing collective bargaining

between public employees and their employers, Section 10–7D–9(A)(1)(2), and enforcing the provisions of PEBA "through the imposition of appropriate administrative remedies." Section 10–7D–9(F).

tions, and agency personnel policies, the employee's remedies are limited to those set forth in the State Personnel Act." *Id.* ¶ 2. Although *Barreras* concerned the State Personnel Act (SPA) and not PEBA, our analysis there concerning whether administrative remedies prevail is much the same.

{20} In *Barreras,* the plaintiffs were former state employees who had been discharged from employment in violation of the SPA. *Id.* ¶ 3. The *Barreras* plaintiffs attempted to bypass an administrative appeal to the State Personnel Board (SPB) by filing a lawsuit directly in district court against their former employer, alleging breach of implied contract of employment based on the SPA. *Id.* ¶¶ 2–4. The district court concluded that the plaintiffs' claims were barred as a matter of law. *Id.* ¶ 4. We affirmed that decision after determining that the administrative scheme in place was comprehensive since the SPB in that case was "expressly empowered to hear appeals from adverse employment actions." *Id.* ¶ 12. In doing so, this Court assessed several factors in determining whether the SPA's administrative remedies prevailed over an action for damages in district court in light of the fact that the Act "contains no express language that its administrative remedies either are, or are not, exclusive." *Id.* ¶ 11. "Those factors include[d] the comprehensiveness of the administrative scheme, the availability of judicial review, and the completeness of the administrative remedies afforded." *Id.* The general rule is "that an individual employee must show that he has exhausted the grievance procedures provided by the agreement as a condition to his right to maintain an action in court." *Jones,* 72 N.M. at 326, 383 P.2d at 574.

{21} Unlike *Barreras,* there is no express empowerment under PEBA as it relates to TVI for the TVI Labor Relations Board to determine claims of breach of the duty of fair representation by a *union* in an employment dispute. There is also no specific right under PEBA to bring an action against Defendants before the TVI Labor Relations Board for breach of duty of fair representation, breach of fiduciary duties, breach of the union members' contractual rights, or for breach of Defendants' promise to file an arbitration. Sections 10–7D–1 to—26. There is simply no provision for the TVI Labor Relations Board to hear such a dispute at all. Thus, there could be no complete remedy because the TVI Labor Relations Board could not order Defendants to reinstate Plaintiffs with back pay when that underlying claim was settled to Plaintiffs' detriment (and against their claims) by Defendants with no resolution of Plaintiffs' termination claims. In this case, Plaintiffs' claims against Defendants are based on common-law contract labor principles, not directly upon PEBA. *See Jones,* 72 N.M. at 327–28, 383 P.2d at 575–76. There is no comprehensive scheme arising from PEBA that deals with disputes between unions and their members; Plaintiffs cannot therefore be required to exhaust non-existent administrative remedies in this case. *See Vaca v. Sipes,* 386 U.S. 171, 185–86, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *see also Fetterman v. Univ. of Conn.,* 192 Conn. 539, 473 A.2d 1176, 1185 (1984); 48A Am.Jur.2d *Labor and Labor Relations* § 3278 (1998).

**Public Collective Bargaining Agreements and the Duty Owed by Unions to Their Members**

{22} The contract in this case is one between TVI and Defendants. Plaintiffs are not parties to the collective bargaining agreement, which raises the question of whether they may enforce its terms. Although Plaintiffs are not parties to the agreement, they have an interest in the agreement as third-party beneficiaries whom Defendants represented. "There has always been trouble with tripartite relationships and the labor field has additional complications. The parties affected are the union, the employer, and individual employees, many of whom have conflicting interests." *Jones,* 72 N.M. at 329, 383 P.2d at 576. In *Jones,* which concerned a collective bargaining agreement in the private sector under the National Labor Relations Act (NLRA), a former employee brought an action against his former employ-

er for wrongful discharge and against his labor union. *Id.* at 324, 383 P.2d at 572. The former employee sought damages against his labor union for its arbitrary, fraudulent, and bad faith violation of its trust as sole bargaining agent, in that it refused to demand that the employee's grievance be submitted to arbitration. *Id.* Our Supreme Court held that the employee's complaint, which was grounded upon an alleged breach of the collective bargaining agreement, stated a cause of action. *Id.* at 332, 383 P.2d at 577. Although *Jones* concerned a collective bargaining agreement in the private sector, we should here extend its analysis to this case dealing with public employees.

■■■ {23} Unions representing public employees have broad discretion in handling claims of their members, "and in determining whether there is merit to such claim which warrants the union's pressing the claim through all of the grievance procedures, including arbitration, and the courts will interfere with the union's decision not to present an employee's grievance only in extreme cases." *Id.* at 331, 383 P.2d at 577. Thus, a union should only be liable to its members if it acted arbitrarily or in bad faith in its representation or its failure to represent a member against his or her employer. *Id.* The *Jones* court implied that unions were under a duty to fairly represent employees in the grievance procedure. *Id.* at 330, 383 P.2d at 576; *see also Vaca,* 386 U.S. at 190, 87 S.Ct. 903 (stating that a breach of the duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith). In this case, taking Plaintiffs' well-pleaded allegations as true, we conclude that the complaint alleged conduct arising to the level required by *Vaca* and *Jones,* and we therefore determine that Defendants can be sued for the alleged breach of their duties as provided by statute and TVI policy. Contrary to Defendants' contention, although Plaintiffs do not and cannot sue TVI for wrongful discharge, that does not mean that Plaintiffs cannot bring claims against Defendants. We conclude

that unions such as Defendants owe a fiduciary duty to their union members such as Plaintiffs to represent those members fairly. Plaintiffs have adequately stated a cause of action and should be able to proceed with it.

■■ {24} Defendants also rely on TVI's policies and PEBA Section 10–7D–20(B), (D), and (E), for the proposition that Plaintiffs' only remedy for Defendants' actions under these provisions was to file a prohibited practices complaint with the TVI Labor Relations Board with the PERLB under Sections 10–7D–8, –9. We disagree. PEBA and TVI policies, cited for Defendants' proposition, prohibit organizations such as Defendants from interfering with, restraining, or coercing employees in the exercise of their rights under PEBA or the TVI policies. Section 10–7D–20(B). These policies and statutes also prohibit a union from violating the collective bargaining agreement. Section 10–7D–20(D), (E). Such reliance is inapposite. In this case, Defendants undertook to represent Plaintiffs to secure redress under the collective bargaining agreement. That Defendants may have done this poorly or nefariously so as to tortiously injure Plaintiffs stems from the relationship between Plaintiffs and Defendants, not from the third-party relationship between Plaintiffs and TVI under the collective bargaining agreement. Violation of or interference with collective bargaining rights sets up a measure for consequential damages stemming from the quality of Defendants' representation, but not the cause of action for the tortious conduct itself.

### Rights as Third–Party Beneficiaries for Breach of Contract Claim

■■■ {25} A collective bargaining agreement is a contract between a labor organization and the employer. In this case, Plaintiffs are third-party beneficiaries of the contract and may have an enforceable right against a party to the contract. *Fleet Mortgage Corp. v. Schuster,* 112 N.M. 48, 49, 811 P.2d 81, 82 (1991). Third-party beneficiaries generally have no greater rights in a contract than does the promisee. *See id.* at 49–50,

811 P.2d at 82–83; *see also Leyba v. Whitley,* 120 N.M. 768, 771, 907 P.2d 172, 175 (1995) (stating that third-party beneficiaries are accorded the traditional contract remedies with respect to the bargain intended for their benefit); *Archunde v. Int'l Surplus Lines Ins. Co.,* 120 N.M. 724, 729, 905 P.2d 1128, 1133 (Ct.App.1995). Thus, having based their action upon an alleged breach of the collective bargaining agreement, Plaintiffs' right to recover damages is determined by the terms and conditions of that agreement.

{26} The purpose of PEBA

is to guarantee public employees the right to organize and bargain collectively with their employers, to promote harmonious and cooperative relationships between public employers and public employees and to protect the public interest by ensuring, at all times, the orderly operation and functioning of the state and its political subdivisions.

Section 10–7D–2. With this in mind, Plaintiffs as third-party beneficiaries of the collective bargaining agreement alleged in their complaint that they were entitled to an arbitration hearing for what they claimed was an unfair termination.

**Breach of the Duty of Fair Representation**

{27} The collective bargaining agreement between TVI and Defendants refers to PEBA, which states that no union or its representative shall "refuse or fail to comply with a collective bargaining or other agreement with the public employer." Section 10–7D–20(D). Plaintiffs argue that the collective bargaining agreement requires that Defendants represent employees in all actions against the employer, and this creates a duty of fair representation between Defendants and Plaintiffs. Plaintiffs argue that they lost the ability to remedy breaches of the agreement between TVI and Defendants through the grievance process, due to Defendants' alleged breach of its duty of fair representation. *See Vaca,* 386 U.S. at 186, 87 S.Ct. 903.

■ {28} Here, Defendants agreed to undertake representation of Plaintiffs. As a result of their dismissal of Plaintiffs' claims, allegedly without Plaintiffs' consent or consultation, Defendants impaired Plaintiffs' rights under the collective bargaining agreement. In undertaking to represent Plaintiffs, Defendants should have realized that Plaintiffs would not simultaneously seek to represent themselves. *See Restatement (Second) of Torts* § 305 (1965) ("An act may be negligent if the actor intends to prevent, or realizes or should realize that it is likely to prevent, another or a third person from taking action which the actor realizes or should realize is necessary for the aid or protection of the other."). Furthermore, Defendants' undertaking to represent Plaintiffs created a special relationship between them. *See, e.g., Smith v. Bryco Arms,* 2001–NMCA–090, ¶ 25, 131 N.M. 87, 33 P.3d 638 ("At times a duty is found based on the existence of a 'special relationship' between plaintiff and defendant ... [which] can be ... voluntarily undertaken.") (citation omitted); *Wark v. United States,* 269 F.3d 1185 (10th Cir.2001) ("A party may assume duties of care by voluntarily undertaking to render a service.") (internal quotation marks and citations omitted); *Air Line Pilots Ass'n Int'l v. O'Neill,* 499 U.S. 65, 75, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) ("[A] union owes employees a duty to represent them adequately as well as honestly and in good faith."). This duty is similar to the duty of good faith that trustees owe their beneficiaries, attorneys owe their clients, and corporate officers owe their shareholders. *Id.* As stated in the *Restatement (Second) of Torts* § 323:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

We hold that the duty of fair representation arises from Defendants' undertaking to act

as the exclusive bargaining agent of Plaintiffs. Plaintiffs thus may bring their suit for their claim in this case.

### Dismissal of Defendant AFT

■■■ {29} The district court's order dismissing Plaintiffs' claims with prejudice did not specifically rule on this issue regarding whether Defendant AFT was a proper party. Suit may be brought only against the parties to the contract. Defendants maintain that the Local, not the AFT, was the contracting party. Defendants argue that where the local union is designated as the exclusive bargaining agent responsible for representing employees in the prosecution of grievances, only the local union can be held responsible. *See Sine v. Local No. 992, Int'l Bhd. of Teamsters,* 730 F.2d 964, 966 (4th Cir.1984); *Teamsters Local Union No. 30 v. Helms Express, Inc.,* 591 F.2d 211, 216–17 (3d Cir. 1979). However, the agreement includes AFT as part of the "Federation," which is the exclusive representative of Plaintiffs. Therefore, although the complaint states that the written collective bargaining agreement was entitled "AGREEMENT BY AND BETWEEN ALBUQUERQUE TVI COMMUNITY COLLEGE GOVERNING BOARD AND ALBUQUERQUE TVI FACULTY FEDERATION LOCAL NO. 4974 NMFT[,]" AFT is included in the definition of "Federation." Thus, taking all the facts alleged in the complaint as true, we cannot conclude that AFT was not the bargaining agent for Plaintiffs, or a party to the collective bargaining agreement.

## CONCLUSION

{30} We have held that: (1) Plaintiffs were not required to exhaust administrative remedies; (2) Plaintiffs adequately stated a cause of action in that unions owe a fiduciary duty to their members to represent them fairly, and Plaintiffs have the right to enforce a collective bargaining agreement as third-party beneficiaries; (3) Plaintiffs, as third-party beneficiaries, may bring a third-party claim against Defendants; (4) in undertaking to represent Plaintiffs, Defendants created a special duty to do so adequately and in good faith; and (5) AFT could be a party to the collective bargaining agreement, and thus, suit against it was proper.

{31} Having so held for the reasons set forth above, we reverse the district court's dismissal of Plaintiffs' claims against Defendants.

{32} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and IRA ROBINSON, Judges.