Certiorari Denied, April 20, 2012, No. 33,549

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-055

Filing Date: March 1, 2012

Docket No. 30,535

ARNOLD LUCERO,

       Plaintiff-Appellee,

v.

BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
UNIVERSITY OF NEW MEXICO
HEALTH SCIENCES CENTER,

       Defendants-Appellants.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Beatrice J. Brickhouse, District Judge

Law Offices of Michael E. Mozes, P.C.
Michael E. Mozes
Albuquerque, NM

for Appellee

Sheehan & Sheehan, P.A.
Quentin Smith
Albuquerque, NM

for Appellants

OPINION

WECHSLER, Judge.

{1}     Defendants University of New Mexico Board of Regents and University of New Mexico Health Sciences Center (UNMHSC) appeal after a bench trial resulted in a verdict

1

in favor of Plaintiff Arnold Lucero.  Defendants argue that the district court erred in denying its motion for summary judgment on Plaintiff's breach of contract claim because Plaintiff did not exhaust the grievance procedures contained in UNMHSC's human resources policies and procedures manual (the employee handbook).  We hold that Plaintiff must substantially comply with the mandatory internal grievance procedures contained in the employee handbook before filing suit for breach of contract based on an alleged failure of Defendants to follow the employee handbook.  Accordingly, we reverse the district court's denial of Defendants' motion for summary judgment.

**BACKGROUND**

**{2}**    Defendants employed Plaintiff beginning in 2003 as an assistant director of environmental services, a management position.  UNMHSC's employee handbook governed Plaintiff's employment.  The employee handbook contains a two-step grievance process for "those questions, issues or concerns which are not resolved through informal discussions with successive levels of supervisors."  Step one of the grievance process requires the employee to submit the grievance.  Section 6.1.1 of the handbook states that "[i]f a manager/supervisor is unable to reach an understanding with an immediate supervisor through informal discussions, he/she may submit a grievance in writing to the immediate supervisor or Administrator within ten (10) work days of the occurrence of knowledge of the event causing the grievance."

**{3}**    On March 23, 2005, Defendants issued Plaintiff a notice of decision to suspend, imposing a thirty-day suspension.  On March 31, 2005, Plaintiff's attorney sent a letter to Melissa Chavez, a senior employee relations specialist for Defendants, advising her that Plaintiff intended to submit a grievance by April 6, 2005.  However, Plaintiff did not submit a grievance, and Plaintiff's attorney sent Chavez a letter on April 12, 2005, acknowledging missing the ten-day deadline to file a grievance.

**{4}**    On September 9, 2005, Defendants issued Plaintiff a notice to terminate. Plaintiff did not submit a grievance and testified that he could not remember why he did not file a grievance challenging the termination.  More than seven months after the termination, on April 4, 2006, Plaintiff filed a complaint in district court, alleging a breach of express and implied contracts of employment for the suspension and termination. On February 27, 2007, Plaintiff filed an amended complaint consisting of three claims:  (1) breach of implied contract, (2) breach of express contract, and (3) wrongful termination.  All three claims allege that UNMHSC's employee handbook created a contract and that Defendants breached the contract by failing to abide by the employee handbook's policies and procedures governing workplace performance, disciplinary action, a harassment-free workplace, employer-employee relations, progressive discipline, and by disciplining Plaintiff without just cause.  The employee handbook contains all of the contractual provisions and employment policies that Plaintiff alleges Defendants breached.

**{5}**    Defendants filed a motion for summary judgment, arguing that Plaintiff's claims

were barred because he failed to exhaust the employee handbook's internal grievance procedures. Plaintiff filed a response admitting all material facts in Defendants' motion, but he argued that the grievance procedures are not mandatory and he therefore was not required to exhaust the procedures. The district court issued an order granting in part and denying in part Defendants' motion. The district court granted the motion to the extent that Plaintiff based his claims on an alleged failure of Defendants to follow grievance procedures but denied the motion as to the remaining claims. The district court also denied Defendants' motion to reconsider the issue. In denying the motion to reconsider, the district court stated that "Defendant[s'] grievance scheme is ambiguous, and by its own terms does not require Plaintiff to exhaust Defendant[s'] grievance procedure prior to filing suit in court." The district court stated that it "is of great significance to this court that within . . . Defendant[s'] grievance procedure both 'may' and 'shall' are used. The section of the procedure that sets out the steps to be taken by an employee if he disagrees with the contemplated disciplinary action, uses 'may' when discussing the employee's actions. Thus, the court will presume that the use of the term 'may' was purposeful, and that exhaustion of . . . Defendant[s'] grievance procedure is not a condition precedent to Plaintiff filing suit in this court."

**{6}** Subsequently, the district court held a four-day bench trial commencing December 8, 2009. On May 17, 2010, the district court entered a final judgment in Plaintiff's favor, concluding that the employee handbook created an implied contract that Defendants violated by suspending and terminating Plaintiff without just cause and without appropriate progressive discipline.

**{7}** On appeal, Defendants argue that the district court erred in not granting its motion for summary judgment. Particularly, Defendants argue that (1) an employee cannot pursue a breach of contract claim based on policies in an employee handbook without first exhausting the grievance procedures in the employee handbook, and (2) the use of permissive language in the employee handbook's grievance procedures did not allow Plaintiff to bypass the grievance process and file a breach of contract claim.

**STANDARD OF REVIEW**

**{8}** Defendants' arguments in this appeal present an issue of law arising out of undisputed facts. Accordingly, we apply a de novo standard of review. *See Barreras v. State Corr. Dep't*, 2003-NMCA-027, ¶ 5, 133 N.M. 313, 62 P.3d 770.

**EXHAUSTION OF REMEDIES**

**{9}** New Mexico courts recognize the doctrine of exhaustion of administrative remedies. "Under the exhaustion of administrative remedies doctrine, where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 26, 142 N.M. 786, 171 P.3d 300 (alteration, internal quotation marks, and citation omitted). The exhaustion

3

doctrine rests on the principle that the interests of justice are served by allowing an agency with particular expertise to resolve issues before a claim is brought to court. *Headen v. D'Antonio*, 2011-NMCA-058, ¶ 13, 149 N.M. 667, 253 P.3d 957.

{10} Related to the exhaustion of administrative remedies doctrine, our Supreme Court has held that an employee must exhaust grievance procedures in an employee handbook or manual before filing claims against the employer for breach of contract or civil rights violations based on the policies governing employment. In *Francis v. Mem'l Gen. Hosp.*, 104 N.M. 698, 698-99, 726 P.2d 852, 852-53 (1986), a registered nurse sued his employing hospital for breach of contract, due process violations, and wrongful discharge after he voluntarily terminated his employment. The employer had suspended the plaintiff for two days for refusing to comply with hospital policy. *Id.* Pursuant to the hospital's employee manual, the plaintiff submitted a grievance, and the hospital scheduled a fact-finding hearing. *Id.* After the hospital informed the plaintiff, as provided in the employee manual, that his attorney could not attend the hearing, the plaintiff refused to proceed any further with the grievance and voluntarily terminated his employment. *Id.* Our Supreme Court held that the plaintiff was "estopped from asserting that he suffered a deprivation of either a contractual expectation or a constitutionally protected entitlement" because he failed to exhaust the grievance procedures in the employee manual. *Id.* at 700, 726 P.2d at 854. The Court reasoned that when an implied contract, in this case an employment manual, creates rights, the rights are "limited by the terms of the [employment manual] that gave them birth." *Id.*

{11} Similarly, in *McDowell v. Napolitano*, 119 N.M. 696, 699, 895 P.2d 218, 221 (1995), the plaintiff, a university professor, sued his employer for breach of contract and civil rights violations after being denied tenure. The defendants argued that the district court did not have jurisdiction over the case because the plaintiff failed to exhaust administrative remedies contained in the faculty handbook. *Id.* at 700, 895 P.2d at 222. Our Supreme Court framed the issue as whether the plaintiff "substantially discharged his own contractual obligations so as to be able to complain of a breach by his employer." *Id.* at 701, 895 P.2d at 223. The Court held that, because the plaintiff substantially complied with the terms of his employment contract by "properly follow[ing] the appeals process outlined in the Faculty Handbook [and pursuing] the appeals process to the highest authority within the University," the exhaustion doctrine did not bar litigation of the plaintiff's case. *Id.*

{12} From *Francis* and *McDowell*, we glean the general rule that an employee must substantially comply with mandatory internal grievance procedures contained in an employee manual or handbook before filing suit for breach of contract claims based on an alleged failure of an employer to follow its employment policies. In applying this general rule to this case, we note that neither *Francis* nor *McDowell* mention whether the employee handbook or manual containing the grievance procedures also contained the employment policies the defendants allegedly breached. In this case, Defendants' argument for applying the exhaustion requirement rests on the strongest factual basis because the employee handbook contained both the grievance procedures that Defendants allege that Plaintiff did

4

not exhaust and the employment policies and procedures that Plaintiff alleges that Defendants did not follow. Applying *Francis* and *McDowell*, the district court erred by denying Defendants' motion for summary judgment because Plaintiff did not exhaust the grievance procedures in the employee handbook. Courts from other jurisdictions have uniformly applied the same rule, regardless of whether the employer is a public entity or a private entity. *See, e.g.*, *McGuire v. Cont'l Airlines, Inc.*, 210 F.3d 1141, 1146-47 (10th Cir. 2000) (upholding summary judgment on exhaustion grounds in favor of employer on employee's breach of contract claim because employee failed to complete the final two steps of the employee handbook's four-step grievance process); *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 721-22 (Ind. 1997) (stating that even if an employer's handbook constituted a contract, summary judgment on employee's breach of contract claim arising out of policies in the employee handbook was appropriate because employee failed to exhaust grievance procedures in the employee handbook); *O'Brien v. New England Tel. & Tel. Co.*, 664 N.E.2d 843, 849 (Mass. 1996) (holding that an employee must exhaust grievance procedures in an employee manual before suing for breach of contract based on a failure of employer to follow rule requiring just cause to discipline an employee in the employee manual).

{13}    In addition, policy reasons support our conclusion that an employee must exhaust internal grievance procedures contained in an employee handbook before filing suit for breach of contract based on an alleged failure of the employer to follow policies in the employee handbook. First, the grievance process allows an employer to redress wrongs without burdening the courts with unnecessary litigation. *See Neiman v. Yale Univ.*, 851 A.2d 1165, 1172 (Conn. 2004) (stating that grievance procedures "merely ensure that the grievant and the school have an opportunity to resolve the dispute before seeking redress in the courts, thereby conserving judicial resources"). Second, not requiring an employee to exhaust internal grievance procedures allows the employee to choose which employment policies are binding. *See, e.g.*, *McGuire*, 210 F.3d at 1147 ("An employee must accept both the benefits and the responsibilities of an employee handbook which creates an implied contract."). In this case, the employee handbook required that Plaintiff allow Defendants to redress the perceived violation of the right to be disciplined and terminated for "just cause" stemming from the employee handbook. Once Plaintiff exhausted the grievance procedure, he could have then instituted his lawsuit had he not been satisfied with the result. *See McDowell*, 119 N.M. at 701, 895 P.2d at 223 (holding that exhaustion requirement did not bar litigation of the plaintiff's claim because he substantially complied with grievance process); *see also Neiman*, 851 A.2d at 1172 ("[I]nternal procedures do not preclude access to the courts should the grievant be dissatisfied with the ultimate result.").

{14}    Plaintiff argues that New Mexico courts "have not adopted a broad, general rule that a plaintiff cannot pursue a breach of contract claim founded in an employee handbook without first exhausting the grievance procedures [and instead] have take[n] a more measured and considered approach in deciding whether exhaustion . . . is a prerequisite to pursuing a breach of implied contract claim in the district courts." Plaintiff argues that New Mexico courts "review the nature of the grievance procedure in deciding whether exhaustion of the procedure is required." However, the cases cited by Plaintiff address different issues.

5

Some of the cases address whether a legislative body intended an administrative scheme to be the exclusive remedy for a plaintiff's cause of action. *See Barreras*, 2003-NMCA-027, ¶¶ 9, 21 (addressing whether the administrative adjudication in the state personnel act is the exclusive remedy for breach of contract claims arising under the state personnel act); *Pan Am. Petroleum Corp. v. El Paso Natural Gas Co.*, 77 N.M. 481, 484, 424 P.2d 397, 399 (1966) (addressing whether a federal agency had exclusive jurisdiction to determine whether the state legislature could impose a tax); *Chavez v. City of Albuquerque*, 1998-NMCA-004, ¶¶ 14-18, 124 N.M. 479, 952 P.2d 474 (determining that a grievance procedure for municipal employees did not provide the exclusive remedy for claims arising from an alleged breach of the municipality's ordinance governing employment). In cases addressing the exclusivity of an administrative setting, the nature of the proceedings is an important factor to consider because a plaintiff is either barred from court or may appeal to a court under a limited standard of review. In this case, Defendants do not argue that the grievance process provided Plaintiff's exclusive remedy, only that the process must be exhausted before Plaintiff files an action in district court. *See Chavez*, 1998-NMCA-004, ¶ 14 (defining exclusive remedy as "one which provides for a plain, adequate, and complete means of resolution"). Further, one case cited by Plaintiff considers whether a collective bargaining agreement's administrative proceeding covered the plaintiff's claims against the labor union. *See Callahan v. N.M. Fed'n of Teachers-TVI*, 2005-NMCA-011, ¶ 21, 136 N.M. 731, 104 P.3d 1122, *aff'd in part, rev'd in part by* 2006-NMSC-010, 139 N.M. 201, 131 P.3d 51. The other case cited by Plaintiff addressed only whether policies and procedures governing the plaintiff's employment created an implied contract, not whether exhaustion was required. *See Whittington v. State Dep't of Pub. Safety*, 2004-NMCA-124, ¶ 1, 136 N.M. 503, 100 P.3d 209. Plaintiff fails to cite authority supporting his argument that New Mexico law is inconsistent with a broad, general rule requiring exhaustion of grievance proceedings in an employee handbook.

**{15}** Plaintiff next argues that the permissive language in the grievance procedure permits an employee to bypass the grievance process and pursue a direct court action. Plaintiff argues that the grievance policy in this case is permissive because it states that the employee "may," not "shall," file a grievance. However, we read the plain language of Section 6.1.1 of the employee handbook, using the term "may," to be permissive only to the extent that it provides a potential grievant with two options: (1) file a grievance, thereby exhausting the remedies under the employee handbook and allowing the grievant to then file an action in district court for an alleged breach of the employee handbook, or (2) forego the grievance process and accept the disciplinary decision of Defendants. *See Neiman*, 851 A.2d at 1173 (rejecting argument that the use of "may" in an internal grievance process made the grievance procedure permissive); *United Nuclear Corp. v. Allstate Ins. Co.*, 2011-NMCA-039, ¶ 11, 149 N.M. 574, 252 P.3d 798 ("We consider the plain language of the relevant provisions, giving meaning and significance to each word or phrase within the context of the entire contract, as objective evidence of the parties' mutual expression of assent." (internal quotation marks and citation omitted)), *cert. granted*, 2011-NMCERT-005, 150 N.M. 667, 265 P.3d 718 . In other words, the word "may" relates to whether the employee wishes to challenge the proposed disciplinary action by Defendants, not whether the employee must

do so. The grievance procedure in the employee handbook is mandatory if an employee wishes to challenge a disciplinary action.

**CONCLUSION**

{16} An employee must substantially comply with mandatory internal grievance procedures contained in an employee handbook before filing suit for breach of contract based on an alleged failure of the employer to follow the employee handbook. Because Plaintiff did not exhaust the grievance procedures in Defendants' employee handbook, we reverse the district court's denial of Defendants' motion for summary judgment.

{17} **IT IS SO ORDERED.**

                                                    _____

                                                    **JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Judge**


_____

**J. MILES HANISEE, Judge**

**Topic Index for *Lucero v. UNM Board of Regents*, Docket No. 30,535**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-EX | Exhaustion of Administrative Remedies |
| | |
| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-SJ | Summary Judgment |
| | |
| **CN** | **CONTRACTS** |
| CN-BR | Breach |
| | |
| **EL** | **EMPLOYMENT LAW** |
| EL-DA | Disciplinary Action |
| EL-EC | Employment Contract |
| EL-GR | Employee Grievances |
| EL-EP | Employer's Policies |
| EL-TE | Termination of Employment |

**GV**             **GOVERNMENT**
GV-PE         Public Employees