2006-NMSC-010

131 P.3d 51

**Connie CALLAHAN, Sally Fish, and Anne Waters, Plaintiffs–Respondents,**

v.

**NEW MEXICO FEDERATION OF TEACHERS–TVI, Albuquerque TVI Faculty Federation Local No. 4974 AFT, NMFT, and American Federation of Teachers, Defendants–Petitioners.**

No. 28,983.

Supreme Court of New Mexico.

Feb. 22, 2006.

Corrected March 27, 2006.

Law Offices of Justin Lesky, Justin Lesky, Albuquerque, NM, for Petitioners.

Steven K. Sanders & Associates, L.L.C., Steven K. Sanders, Albuquerque, NM, for Respondents.

## OPINION

CHÁVEZ, Justice.

{1} This case examines the scope of a public employee union's liability to its members for alleged inadequate representation during a grievance proceeding. Plaintiffs, who were members of the New Mexico Federation of Teachers–TVI, Albuquerque TVI Faculty Federation Local No. 4974 AFT, NMFT, and the American Federation of Teachers ("Union Defendants"), were fired from their jobs as full-time teachers at Albuquerque Technical Vocational Institute ("TVI"). Plaintiffs requested Union Defendants to represent them in a grievance against TVI seeking reinstatement and back pay through the procedures established in the Collective Bargaining Agreement between Union Defendants and TVI. However, after obtaining a favorable arbitration decision concluding that Plaintiffs could file a grievance challenging their terminations, Union Defendants allegedly negotiated a settlement with TVI without consulting Plaintiffs, effectively waiving Plaintiffs' grievance. Plaintiffs then filed a lawsuit in the district court against Union Defendants, asserting:

1) breach of the duty of fair representation, based on a negligence standard; 2) breach of the collective bargaining agreement of which Plaintiffs were third-party beneficiaries; 3) breach of the covenant of good faith and fair dealing implied in the collective bargaining agreement; and 4) breach of a fiduciary duty. The district court dismissed Plaintiffs' complaint under Rule 1–012(B)(6) NMRA 2006, concluding that Plaintiffs did not state a cause of action against Union Defendants.

{2} On appeal the Court of Appeals reversed the district court, reinstating Plaintiffs' complaint in its entirety. *Callahan v. Albuquerque TVI Faculty Fed'n Local No. 4974*, 2005–NMCA–011, 136 N.M. 731, 104 P.3d 1122. The Court of Appeals held that Plaintiffs could sue Union Defendants for breach of the duty of fair representation, breach of the collective bargaining agreement because Plaintiffs were third-party beneficiaries, breach of the covenant of good faith, and breach of a fiduciary duty. *Id.* ¶ 30. The Court of Appeals opinion also suggests that mere negligence would suffice to prove a breach of the duty of fair representation. *Id.* ¶ 28. In addition, the Court of Appeals decided two issues not specifically addressed by the district court. The Court of Appeals held that Plaintiffs were not required to file their complaint against Union Defendants with the TVI Labor Relations Board as a means of exhausting administrative remedies under the Public Employees Bargaining Act, *see* NMSA 1978, §§ 10–7D–1 to 10–7D–26 (1992, amended 1997 and 1998, repealed 1999) ("PEBA I")[1], and that the international union, American Federation of Teachers ("AFT"), was a proper party defendant under the facts as pled. *Id.* ¶ 30.

{3} We granted certiorari to consider three issues. One, what is the scope of a public employee union's liability to a member for alleged failure or refusal to adequately represent the employee in a grievance proceeding? Two, whether public employees who seek compensatory damages from their

---

1. Plaintiffs based their lawsuit largely on the provisions for public employee bargaining in PEBA I. The current provisions for public employee bargaining are found in a new Public Employee Bargaining Act. *See* NMSA 1978, § 10–7E–1 (2005). Although the two acts appear to be identical in relevant part, *see* §§ 10–7E–2 to 10–7E–26 (2003, amended 2005), we rely on the provisions of PEBA I because the relevant events occurred prior to the repeal of PEBA I.

union for inadequate representation during a grievance proceeding must file their complaint against the union with a Labor Relations Board as a prohibited practice in order to exhaust administrative remedies. Three, whether under the facts as pled the international union may be joined as a party defendant. We hold that under the facts pled by Plaintiffs, the only cause of action that may survive a 12(B)(6) motion is the cause of action for breach of the duty of fair representation based only on a showing that the union acted arbitrarily, fraudulently or in bad faith. Plaintiffs were not required to file their complaint with the TVI Labor Relations Board in order to exhaust administrative remedies since their cause of action against Union Defendants is not a prohibited practice under PEBA I. Finally, because Plaintiffs pled that AFT does business in New Mexico as an exclusive bargaining agent for Plaintiffs under the Collective Bargaining Agreement, Plaintiffs' complaint survives a 12(B)(6) motion. Accordingly, the Court of Appeals is reversed in part, affirmed in part, and this matter is remanded to the district court for proceedings consistent with this opinion.

## BACKGROUND

{4} In its order dismissing Plaintiffs' complaint, the district court was clear that it was deciding this case under Rule 12(B)(6) and was not considering matters outside the pleadings. Dismissal on 12(B)(6) grounds is appropriate only if Plaintiffs are not entitled to recover under any theory of the facts alleged in their complaint. *Kirkpatrick v. Introspect Healthcare Corp.*, 114 N.M. 706, 709, 845 P.2d 800, 803 (1992). Therefore, we assume the veracity of all of the well-pled facts in Plaintiffs' complaint to determine whether Plaintiffs may prevail under any state of the facts alleged. *Swinney v. Deming Bd. of Educ.*, 117 N.M. 492, 493, 873 P.2d 238, 239 (1994). The material facts pled by Plaintiffs, which we accept as true, are provided as background for our analysis.

{5} Plaintiffs were fired from their jobs as full-time teachers at TVI without notice or explanation. As employees of a public institution, Plaintiffs were covered by PEBA I. PEBA I gives public employees the right to join a labor organization for the purpose of collective bargaining. Union Defendants are the exclusive representatives of TVI employees under a Collective Bargaining Agreement between Union Defendants and TVI. Part of the responsibilities of Union Defendants under the Collective Bargaining Agreement are to represent public employees during a grievance proceeding.

{6} Plaintiffs sought representation from Union Defendants to challenge their terminations and obtain reinstatement and back pay. Union Defendants undertook representation of Plaintiffs and filed grievances on Plaintiffs' behalf. As a preliminary matter, Union Defendants represented Plaintiffs in an arbitration to determine whether Plaintiffs had a right to challenge their terminations. On this issue, Union Defendants prevailed—it was determined that Plaintiffs were entitled to challenge their terminations under the Collective Bargaining Agreement. Although Union Defendants continued to represent Plaintiffs, rather than seek reinstatement and back pay for them, Union Defendants settled the matter without notifying or consulting with Plaintiffs. The settlement required Plaintiffs to dismiss a pending federal lawsuit against TVI and to waive any right to future employment with TVI.[2] In the event Plaintiffs refused to abide by the settlement, Union Defendants had an agreement with TVI to testify against Plaintiffs in an attempt to have Plaintiffs' federal lawsuit against TVI dismissed.

{7} Dissatisfied with the settlement, Plaintiffs sued Union Defendants in the district court. In their complaint, Plaintiffs allege that Union Defendants ignored Plaintiffs' legitimate defense to their terminations, failed to investigate Plaintiffs' claims, processed

2. Plaintiffs' federal lawsuit against TVI was dismissed with prejudice on April 2, 2002, pursuant to a settlement between the parties. We note that in the federal scheme, suits involving wrongful termination and inadequate union representation are normally brought as hybrid actions, where the aggrieved employee sues the employer for breach of the collective bargaining agreement under Labor Management Relations Act § 301, 29 U.S.C. § 185 (2000), and sues the union for breach of the duty of fair representation implied from the National Labor Relations Act. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

their grievances in a perfunctory manner, and settled Plaintiffs' claims with TVI without notifying or consulting Plaintiffs. The first issue we decide is what cause or causes of action these facts will support against Union Defendants.

## I. CAUSES OF ACTION SUPPORTED BY THE FACTS STATED IN PLAINTIFFS' COMPLAINT AGAINST UNION DEFENDANTS

### A. LABOR ORGANIZATIONS OWE PUBLIC EMPLOYEES A DUTY OF FAIR REPRESENTATION BUT CANNOT BE SUED FOR NEGLIGENT REPRESENTATION

{8} Plaintiffs argue that the above facts state a cause of action against Union Defendants for breach of the duty of fair representation and urge us to adopt a negligence standard to support such a cause of action. Union Defendants concede that they have a duty to fairly represent their union members. Union Defendants also concede in their reply brief that Plaintiffs have alleged sufficient facts in their complaint to support a cause of action for breach of the duty of fair representation. However, relying on *Jones v. Int'l Union of Operating Engineers*, 72 N.M. 322, 383 P.2d 571 (1963), Union Defendants contend that the duty of fair representation may only be breached if a union acts arbitrarily, fraudulently, or in bad faith.

{9} In *Jones*, the employer, Continental Oil Company, fired Jones for refusing to sign a statement acknowledging he had a preexisting eye injury that limited his ability to work. *Id.* at 324, 383 P.2d at 572. Jones sued Continental for wrongful termination. He also sued his union for arbitrarily, fraudulently, and in bad faith breaching its trust obligations as his exclusive bargaining agent by refusing to demand that his termination be submitted to arbitration. *Id.* The district court dismissed his lawsuit under Rule 12(B)(6) for failure to state a cause of action. *Id.* On appeal, we reversed the district court and held that Jones stated a cause of action against his union because labor organizations owe their members a duty of fair representation. *Id.* at 330, 332, 383 P.2d at 576, 578. We explained that the duty of fair represen-

tation extends beyond the bargaining table to the "day-to-day adjustment of working rules and the protection of employee's rights secured by the contract." *Id.* at 330, 383 P.2d at 576. Despite explaining that a union's responsibilities extend to the protection of employees' rights, we cautioned against unrestrained interference with a union's decision whether to pursue the arbitration of an employee's grievance:

> The union has great discretion in handling the claims of its members, and in determining whether there is merit to such claim which warrants the union's pressing the claim through all of the grievance procedures, including arbitration, and the courts will interfere with the union's decision not to present an employee's grievance only in extreme cases.

*Id.* at 331, 383 P.2d at 577.

{10} In *Jones*, we also cited cases and legal scholars for the legal premise that a union is liable to a member for its arbitrary or bad faith action in representing or failing to represent a member against his or her employer. *Id.* Persuaded by the authority we cited, we held Jones had stated a cause of action when he pled that the union had arbitrarily, in bad faith, and in violation of its trust refused to press Jones's grievance to arbitration. *Id.* at 331–32, 383 P.2d at 577. In this case, Plaintiffs suggest that our holding in *Jones* was limited to the pleadings in that case and invite us to recognize that a cause of action for breach of the duty of fair representation may be sustained on facts which demonstrate negligent representation. We decline Plaintiffs' invitation.

{11} We continue to believe that a court should only interfere with a union's decision not to present an employee's grievance in extreme cases. Expanding a cause of action for breach of fair representation to include negligent representation would exceed the bounds of caution we expressed in *Jones*. Moreover, requiring arbitrary, fraudulent or bad faith conduct to prove a breach of the duty of fair representation is consistent with United States Supreme Court precedent. *See Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

{12} In *Vaca,* the employee was terminated from his employment because of high blood pressure and poor health. *Id.* at 174–75, 87 S.Ct. 903. He sued his employer for wrongful termination and the union for refusing to submit his grievance to arbitration. *Id.* at 173, 87 S.Ct. 903. In examining whether the employee had a viable cause of action against the union, the United States Supreme Court recognized that a union's duty of fair representation was a well established duty stemming from federal laws like the Railway Labor Act and the National Labor Relations Act. *Id.* at 177, 87 S.Ct. 903. The Supreme Court went on to define the duty as "a statutory obligation to serve the interests of all members [of a union] without hostility or discrimination toward any, to exercise ... discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Id.* The duty of fair representation was considered by the Supreme Court to be "a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law." *Id.* at 182, 87 S.Ct. 903.

{13} Nevertheless, the Supreme Court recognized that the federal collective bargaining system "of necessity subordinates the interests of an individual employee to the collective interests of all employees in a bargaining unit." *Id.* Therefore, "[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190, 87 S.Ct. 903. With respect to the employee's specific claims that the union was obligated to take his grievance to arbitration, the Supreme Court held that a union member does not have "an absolute right to have his [or her] grievance taken to arbitration." *Id.* at 191, 87 S.Ct. 903. Rather, a union does not breach its duty of fair representation merely by settling an employee's grievance short of arbitration; the union's refusal or failure to take the grievance to arbitration has to be arbitrary, discriminatory or in bad faith. *Id.* at 190, 192, 87 S.Ct. 903.

{14} Since *Vaca,* the United States Supreme Court has reiterated its holding that a union breaches its duty of fair representation only when its conduct is arbitrary, discriminatory, or in bad faith. *United Steelworkers of Am.,* 495 U.S. 362, 372, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990); *see also Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 571, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) (indicating that it would be injustice of the grossest sort to let erroneous arbitration decisions stand even though the union's representation had been dishonest, in bad faith, or discriminatory).

{15} Because we hold that the breach of duty of fair representation requires a showing of arbitrary, fraudulent, or bad faith conduct, Plaintiffs' cause of action based on simple negligence is dismissed. The factual allegations in the complaint are sufficient to state a cause of action for arbitrary, fraudulent, or bad faith breach of the duty of fair representation.

## B. PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY

{16} The Court of Appeals held that "unions such as Defendants owe a fiduciary duty to their union members such as Plaintiffs to represent those members fairly. Plaintiffs have adequately stated a cause of action and should be able to proceed with it." *Callahan,* 2005–NMCA–011, ¶ 23. The Court of Appeals also wrote in its conclusion that "Plaintiffs adequately stated a cause of action in that unions owe a fiduciary duty to their members to represent them fairly." *Id.* ¶ 30. Plaintiffs have interpreted this language as permitting a cause of action for breach of fiduciary duty. Union Defendants argue that the factual allegations in the complaint cannot support a cause of action for breach of fiduciary duty since Plaintiffs do not allege a breach of fiduciary duty as defined in 29 U.S.C. § 501 (2000).

{17} We do not interpret the Court of Appeals opinion to create a cause of action for breach of fiduciary duty. Rather, we interpret the opinion as relying on our language in *Jones* to explain why Plaintiffs state a cause of action for breach of the duty of fair representation. In *Jones,* we stated that collective bargaining agreements "generally provide that grievance procedures are union

controlled and that the individual employee is to be represented by the union under its *fiduciary* capacity as the bargaining agent." *Jones,* 72 N.M. at 329, 383 P.2d at 576 (emphasis added). We also quoted the following passage from a law review article:

> Unless a contrary intention is manifest, the employer's obligations under a collective bargaining agreement which contains a grievance procedure controlled by the union shall be deemed to run solely to the union as the bargaining representative, to be administered by the union in accordance with its *fiduciary duties* to employees in the bargaining unit. The representative can enforce the claim. It can make reasonable, binding compromises. It is liable for breaches of trust in a suit by the employee beneficiaries.

*Id.* at 329, 383 P.2d at 576 (emphasis added) (*quoting* Archibald Cox, *Rights Under a Labor Agreement,* 69 Harv. L.Rev. 601, 619 (1956)). Although we employed the phrases "fiduciary capacity" and "fiduciary duties" in the above quotations, we were referring to a union's duty to represent union members under a collective bargaining agreement. The intent in using such language was and remains an explanation as to why we recognize a cause of action by a union member against the union for breach of the duty of fair representation. We have explained the proof necessary to establish a breach of the duty but do not label the cause of action as one for breach of fiduciary duty. When the complaint arises from the union's representation of the employee in a grievance proceeding, the cause of action is for breach of the duty of fair representation.[3]

{18} Plaintiffs rely on an American Law Reports annotation and two Pennsylvania cases in support of their argument that Union Defendants owed them a fiduciary duty relating to their employment grievance. However, our review of these authorities reveals that the authorities deal only with a union's duty of fair representation. *See* Jerald J. Director, Annotation, *Union's Liability in Damages for Refusal or Failure to Process Employee Grievance,* 34 A.L.R.3d 884, 896 (1970) (stating that a number of "courts have recognized or applied a duty often arising out of the fact that the union is the employee's statutory agent, or out of a general fiduciary obligation, *to fairly represent* its members and other employees in the bargaining unit" (Emphasis added and footnotes omitted)); *Falsetti v. Local Union No.2026,* 400 Pa. 145, 161 A.2d 882, 895 (1960) ("In entering into this [collective bargaining] Agreement, the Union has assumed the role of trustee for the rights of its members and other employees in the bargaining unit. The employees, on the other hand, have become beneficiaries of fiduciary obligations owed by the Union. As a result, the Union bears a heavy *duty of fair representation* to all those within the shelter of its protection." (Emphasis added.)); *Rutledge v. Se. Pa. Transp. Auth.,* 52 Pa.Cmwlth. 308, 415 A.2d 982, 984 (1980) (describing a union's failure to pursue the final stages of grievance procedures under a collective bargaining agreement as a breach of the "fiduciary duty of fair representation"), *overruled on other grounds by Fouts v. Allegheny County,* 64 Pa.Cmwlth. 441, 440 A.2d 698 (1982). Since Plaintiffs do not allege any financial impropriety on the part of Union Defendants, and since Plaintiffs' claims are encompassed by their claim for breach of the duty of fair representation, we hold that Plaintiffs did not state a claim for breach of a fiduciary duty in this case.

## C. PLAINTIFFS DID NOT STATE A CLAIM FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AS THIRD–PARTY BENEFICIARIES

{19} The Court of Appeals held that Plaintiffs stated a claim for breach of a collective bargaining agreement as third-party beneficiaries. *Callahan,* 2005–NMCA–011, ¶ 25. As the Court of Appeals stated, "[a] collective bargaining agreement is a contract between a labor organization and the employ-

---

3. We agree the complaint does not state a cause of action for breach of fiduciary duty as fiduciary duty is defined in 29 U.S.C. § 501. However, a review of 29 U.S.C. § 501 is not necessary since this section is not applicable to government, or public, employee unions. *Local 1498 v. Am. Fed'n of Gov't Employees,* 522 F.2d 486, 490 (3rd Cir.1975).

er." *Id.* In this case, TVI and Union Defendants entered into a collective bargaining agreement. Plaintiffs were not signatories to that contract. However, Plaintiffs allege that they may state a cause of action against Union Defendants for breach of the collective bargaining agreement as third-party beneficiaries.

{20} A third-party may have an enforceable right against an actual party to a contract if the third-party is a beneficiary of the contract. *Fleet Mortgage Corp. v. Schuster,* 112 N.M. 48, 49, 811 P.2d 81, 82 (1991). A third-party is a beneficiary if the actual parties to the contract intended to benefit the third-party. *Id.* at 49–50, 811 P.2d at 82–83; *Leyba v. Whitley,* 120 N.M. 768, 773, 907 P.2d 172, 177 (1995). The intent to benefit the third-party " 'must appear either from the contract itself or from some evidence that the person claiming to be a third party beneficiary is an intended beneficiary.' " *Fleet Mortgage,* 112 N.M. at 50, 811 P.2d at 83 (*quoting Valdez v. Cillessen & Son, Inc.,* 105 N.M. 575, 581, 734 P.2d 1258, 1264 (1987)). As TVI and Union Defendants entered into a collective bargaining agreement in accordance with PEBA I, TVI and Union Defendants clearly intended to benefit Plaintiffs, as public employees.

{21} However, for Plaintiffs "to have an enforceable right as third-party beneficiaries against the Union, at the very least the employer must have an enforceable right as promisee." *Rawson,* 495 U.S. at 375, 110 S.Ct. 1904. Plaintiffs argue that they should be allowed to seek damages for breach of the collective bargaining agreement because "TVI promised that it would not terminate their employment unfairly or unjustly and Unions indirectly through the CBA ... promised that they would safeguard Members' rights by challenging their unfair or unjust terminations through arbitration." In order to state a claim, instead of relying on the general notion that TVI and Union Defendants entered into a collective bargaining agreement that pertains to Plaintiffs' employment, Plaintiffs would need to assert a promise that Union Defendants made to TVI and subsequently broke. Plaintiffs have not directed this Court to any such promise or to duties that Union Defendants owed to TVI, and thus also owed to Plaintiffs as third-party beneficiaries of the Collective Bargaining Agreement. Therefore, we find that Plaintiffs did not state a claim for breach of the Collective Bargaining Agreement as third-party beneficiaries.

### D. PLAINTIFFS DID NOT STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AS THIRD–PARTY BENEFICIARIES

{22} While we do not recognize breach of an implied covenant of good faith and fair dealing as a cause of action in New Mexico in at-will employment relationships, *Melnick v. State Farm Mut. Auto. Ins. Co.,* 106 N.M. 726, 730, 749 P.2d 1105, 1109 (1988), we have recognized breach of an implied covenant of good faith and fair dealing in employment arrangements that are not at-will. *Bourgeous v. Horizon Healthcare Corp.,* 117 N.M. 434, 439, 872 P.2d 852, 857 (1994). *Bourgeous* dealt with a lawsuit brought by the *non-union* director of nursing at a nursing home against her *employer* for breach of contract and breach of implied covenant of good faith and fair dealing stemming from wrongful termination. *Id.* at 435, 872 P.2d at 853. In this case, we are faced with a situation where Plaintiffs are attempting to sue Union Defendants for breach of the implied covenant of good faith and fair dealing as third-party beneficiaries to a collective bargaining agreement. We conclude Plaintiffs' claims for breach of implied covenant are subsumed within their claims for breach of the duty of fair representation.

### II. PLAINTIFFS WERE NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES IN THIS CASE BECAUSE BREACH OF THE DUTY OF FAIR REPRESENTATION IS NOT A "PROHIBITED PRACTICE" UNDER PEBA

{23} Union Defendants argue that Plaintiffs' claims are barred because Plaintiffs did not file a prohibited practices complaint with either the Public Employee Labor Relations Board ("PELRB") or the TVI Labor Rela-

tions Board ("TVI–LRB") alleging a breach of the duty of fair representation. According to Union Defendants, PEBA I "required Plaintiffs to file a 'prohibited practices complaint' if they believed the Union failed or refused to comply with the collective bargaining agreement or otherwise violated or interfered with their rights." Plaintiffs counter that requiring exhaustion in the present case would be inappropriate or futile because the duty of fair representation is not a clearly defined "prohibited practice" under New Mexico law and because neither PEBA I nor TVI's Collective Bargaining Agreement "provide any direct rights for union Members against their union."

{24} The general rule is that a party must exhaust administrative remedies unless those administrative remedies are inadequate. *McDowell v. Napolitano*, 119 N.M. 696, 700, 895 P.2d 218, 222 (1995). Of course, where there is no applicable statutory remedy, there is no need to exhaust administrative procedures. *Id.* Although the PELRB and the TVI–LRB schemes for filing a prohibited practice complaint are comprehensive and subject to judicial review, a claim against a union for breach of the duty of fair representation does not fall within the "prohibited practices" of PEBA I. Section 10–7D–20.

{25} Even if we were to interpret PEBA I broadly enough to define a prohibited practice to include a claim for breach of the duty of fair representation, the PELRB and the TVI–LRB cannot provide Plaintiffs with an appropriate remedy. Neither the PELRB nor the TVI–LRB are authorized to award monetary damages to an aggrieved union member for a union's breach of its duty of fair representation. PEBA I endows the PELRB with "the power to enforce provisions of the Public Employee Bargaining Act through the imposition of appropriate administrative remedies." Section 10–7D–9(F); *see also* Section 10–7D–11(E) (endowing local boards like TVI–LRB with "the power to enforce provisions of the Public Employee Bargaining Act or a local collective bargaining ordinance, resolution or charter amendment through the imposition of appropriate administrative remedies"). However, PEBA I does not define the scope of PELRB's power to impose appropriate administrative remedies to include the award of compensatory damages. TVI's Governing Board Resolution 1994–57 (August 29, 1994), which was adopted pursuant to PEBA I, Section 10–7D–26(C), states the collective bargaining policy and creates the TVI–LRB. While Section 6(F) of Resolution 1994–57 attempts to define the scope of the administrative remedies, the resolution does not state that the TVI–LRB is authorized to award Plaintiffs' monetary damages against Union Defendants. Section 6(F) of Resolution 1994–57 states:

> If upon the preponderance of the evidence introduced at a hearing the board shall be of the opinion that it has been established that a person or organization has engaged in or has committed a prohibited practice under Section 14 or 15 of this policy, it shall issue and cause to be served on such person an order requiring such person to cease and desist from such prohibited practice and to take such affirmative action including reinstatement of employees with or without back pay, as will effectuate this policy. . . .

It is clear that those who wrote Resolution 1994–57 envisioned suits against an employer, who would be in a position to reinstate an employee and provide that employee with back pay. However, the TVI–LRB, armed with the Legislature's grant of power to impose "appropriate administrative remedies," could not order Union Defendants to reinstate Plaintiffs. It is also doubtful that the Legislature's grant empowers the TVI–LRB to award monetary damages other than back pay, such as the actual and exemplary damages sought by Plaintiffs here against Union Defendants. Therefore Plaintiffs were not required to exhaust administrative remedies by first bringing their claim against Union Defendants before the PELRB or the TVI–LRB.

### III. PLAINTIFFS HAVE PLED FACTS SUFFICIENT TO DEFEAT A MOTION TO DISMISS AFT AS A DEFENDANT UNDER RULE 12(B)(6)

{26} Plaintiffs' lawsuit included AFT as a named defendant along with the New Mexico

Federation of Teachers–TVI, Albuquerque TVI Faculty Federation Local No. 4974 AFT, NMFT. AFT contends that it should be dismissed from the lawsuit because it is neither a party to the Collective Bargaining Agreement nor a bargaining agent for the public employees. Although this issue was not specifically decided by the district court, the Court of Appeals addressed the issue and concluded that because AFT was included in the definition of "Federation" under the Collective Bargaining Agreement, it could not conclude that AFT was not a party to the agreement or that AFT was not the bargaining agent for Plaintiffs. *Callahan*, 2005–NMCA–011, ¶ 29. Accordingly, the Court of Appeals held that the AFT was a proper party to the litigation. *Id.* ¶ 29, 30.

{27} A general rule is that an international union cannot be sued for breach of the duty of fair representation where the international union is not designated as an exclusive representative in a collective bargaining agreement. *Kuhn v. Nat'l Ass'n of Letter Carriers, Branch 5*, 528 F.2d 767, 770 (8th Cir.1976) (stating that "exclusive representation is a necessary prerequisite to a statutory duty to represent fairly"); *Teamsters Local Union No. 30 v. Helms Exp. Inc.*, 591 F.2d 211, 217 (3rd Cir.1979) (indicating that only an "exclusive collective bargaining representative of the individual plaintiffs" owes a duty of fair representation). In addition, an international union cannot be sued for breach of the duty of fair representation if the international union has not played a role in consulting with or advising either the employee or the local union. *See Kuhn*, 528 F.2d at 770 (finding as support for dismissing suit against an international union the fact that the international union has "played no part whatsoever in advising or consulting with [the discharged employee] with respect to the grievance and was in no way responsible for the failure, if any, of [the local union] to properly present [the discharged employee's] case at the informal appearance before the postal authorities or in failing to file a notice of appeal within the appropriate time limits").

{28} Although these authorities are persuasive, because the district court decided the issues under Rule 12(B)(6), we must determine whether Plaintiffs pled sufficient facts in their Complaint which, if true, would make AFT a party to the Collective Bargaining Agreement or an exclusive bargaining agent for Plaintiffs. In paragraph 2 of their Complaint, Plaintiffs alleged that AFT does business in New Mexico and by contract is an exclusive representative for Plaintiffs. In paragraph 4, Plaintiffs alleged that AFT is a party to the Collective Bargaining Agreement. We conclude that Plaintiffs have pled facts sufficient to defeat a 12(B)(6) motion seeking to dismiss AFT as a party defendant.

## CONCLUSION

{29} We hold that public employee unions in New Mexico owe union members a duty of fair representation and that Plaintiffs stated a cause of action against Union Defendants for breach of the duty of fair representation since the complaint can be interpreted to include a breach based on arbitrary, fraudulent, or bad faith conduct. Plaintiffs did not state a claim for breach of a fiduciary duty, breach of a collective bargaining agreement as third-party beneficiaries, or breach of the implied covenant of good faith and fair dealing as third-party beneficiaries. Because breach of the duty of fair representation is not listed as a prohibited practice under PEBA I, Plaintiffs were not required to bring their claim before the PELRB or the TVI–LRB to exhaust their administrative remedies. Finally, Plaintiffs have pled sufficient facts against AFT, which if true, make AFT a proper party defendant. We remand to the district court for proceedings consistent with this opinion.

{30} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, and PETRA JIMENEZ MAES, Justices.